HEPSIE H. PRICE v. J. C. PENNEY COMPANY, INC.

No. 758SC54

(Filed 18 June 1975)

1. Libel and Slander § 12— one year statute of limitations — accrual from publication date

To escape the bar of the statute of limitations, an action for libel or slander must be commenced within one year from the time the action accrues, and the action accrues at the date of the publication of the defamatory words, regardless of the fact that plaintiff may discover the identity of the author only at a later date. G.S. 1-54(3).

2. **Libel and Slander § 12; Rules of Civil Procedure § 15— failure to plead slander — amended complaint — no relation back — statute of limitations**

      Plaintiff's claims for relief based on libel or slander were barred by the statute of limitations where plaintiff did not allege any slanderous statement made within one year before she filed her original complaint or her proposed amended complaint, nor did plaintiff's claim for relief based on slander in her proposed amended complaint relate back to the date of the filing of her original complaint and thus save her action from the bar of the statute of limitations where the original complaint gave no notice of the transactions to be proved pursuant to the amended pleading which set forth an entirely new claim. G.S. 1A-1, Rule 15(c).

APPEAL by plaintiff from *Rouse, Judge.* Order entered 28 October 1974 in Superior Court, WAYNE County. Heard in the Court of Appeals 20 March 1975.

Plaintiff commenced this action on 15 August 1973 to recover actual and punitive damages for her alleged wrongful discharge. In her complaint filed on that date she alleged: From 1957 until 1972 she was employed in defendant's store in Goldsboro. On 8 August 1972 she was called into the manager's office and informed that "observers" reported on 7 August 1972 she had failed to "ring up" the purchase of a $3.12 item, that according to these "observers" plaintiff placed the $3.12 in the cash register and closed it but did not ring up the sale. Plaintiff was informed that the manager had checked the register at the end of the day, that it "came out even," and he "wanted to know where the $3.12 was." Plaintiff denied any knowledge of the $3.12 item and denied having failed to ring up the sale, but despite her protestations of innocence, plaintiff's employment was wrongfully terminated without just cause. Because of the wrongful discharge plaintiff suffered damages because of lost benefits from defendant's pension and profit-sharing plan and because of severe emotional and mental distress. She prayed for recovery of $5,000.00 for each of these two elements of damages and for an additional $10,000.00 as punitive damages.

Defendant filed answer in which it denied that plaintiff's discharge was wrongful, alleged that she had been discharged for violation of established sales procedure rules, and alleged that in October 1972 it made final and complete settlement with plaintiff of her credits in the savings and profit-sharing plan.

On 8 July 1974 plaintiff filed a motion pursuant to Rule 15(a) of the Rules of Civil Procedure for leave to amend her complaint. In this motion it is stated:

> "At the time of the filing of this action, the plaintiff did not know the identity of the 'observers' who allegedly reported her for violating sales procedures of the defendant. Subsequent to that time, she has learned through discovery that these 'observers' were actually paid employees of the defendant and she now believes she has a claim against the defendant for slander. In addition, the plaintiff feels she has a claim for relief against the defendant for intentional infliction of severe emotional harm as set forth in her Third Claim for Relief."

Attached to the motion was a copy of the proposed amended complaint which plaintiff sought leave to file. In this, three claims for relief are stated. The first states a claim to recover $5,000.00 damages for lost pension and profit-sharing benefits resulting from the alleged wrongful discharge and is based upon substantially the same allegations as are contained in plaintiff's original complaint. The third claim for relief states a claim to recover $5,000.00 compensatory and $10,000.00 punitive damages for severe emotional distress caused plaintiff by her wrongful discharge.

In the second claim for relief set forth in the proposed amended complaint, plaintiff alleged that the two "observers" who reported on 7 August 1972 that plaintiff failed to "ring up" the $3.12 purchase item were in fact hired employees of the defendant whose primary duties consist of spying upon other employees, that the statements of the two "observers" were false, malicious, and slanderous *per se*, and that as a consequence of the unlawful slander of plaintiff by the agents of defendant, her employment was wrongfully terminated. Plaintiff further alleged that subsequent to her discharge she petitioned defendant to have her name cleared and to be reinstated, but the defendant through its agents republished the slanderous statement and "the agents of the defendant, on more than one occasion after her dismissal, until and including October 12, 1972, communicated and republished the slander through written and spoken words."

Defendant opposed plaintiff's motion to amend her complaint, in its response alleging that the second claim for relief

is an action for libel and slander and is barred by the statute of limitations.

The court entered an order allowing plaintiff's motion insofar as plaintiff's motion seeks leave to file an amended complaint containing the allegations of the proposed first and third claims for relief. The court ruled, however, that it was without discretion to allow plaintiff to file an amended complaint containing the allegations of the second claim for relief "for the reason that the applicable Statute of Limitations has expired and that the proposed amendment would not relate back to exempt any allegation contained within the Second Claim for Relief from being barred by the Statute of Limitations."

From that portion of the order which denied her leave to file an amended complaint containing the allegations of the second claim for relief, plaintiff appealed.

*Dees, Dees, Smith, Powell & Jarrett by Tommy W. Jarrett for plaintiff appellant.*

*Harris, Poe, Cheshire & Leager by W. C. Harris, Jr. for defendant appellee.*

PARKER, Judge.

[1] To escape the bar of the statute of limitations, an action for libel or slander must be commenced within one year from the time the action accrues, G.S. 1-54(3), and the action accrues at the date of the publication of the defamatory words, regardless of the fact that plaintiff may discover the identity of the author only at a later date. *Gordon v. Fredle*, 206 N.C. 734, 175 S.E. 126 (1934).

[2] Plaintiff's original complaint filed 15 August 1973 does not allege any slanderous statement made within one year before it was filed. Her proposed amended complaint filed 8 July 1974 does not allege any slanderous statement made within one year before it was filed. Therefore, any claim for relief which plaintiff has alleged or attempted to allege based upon libel or slander is barred by the statute of limitations unless the claim which plaintiff seeks to assert as her second claim for relief in her proposed amended complaint can properly be held to relate back to the date of the filing of her original complaint.

G.S. 1A-1, Rule 15(c) provides:

> "*Relation back of amendments.*—A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading."

Here, the original complaint does not give notice of any "transactions, occurrences, or series of transactions or occurrences" taking place after 8 August 1972. The allegation in the original complaint that "defendant later ratified all actions of the store manager," clearly refers to the actions of the store manager on and prior to 8 August 1972, since these were the only actions on his part which were in any way mentioned in the original complaint. Certainly, the broad statement that "defendant later ratified" the store manager's actions in discharging plaintiff on 8 August 1972 does not give notice of any transaction or occurrence involving a subsequent slander or libel of plaintiff.

Although Rule 15 of the North Carolina Rules of Civil Procedure is not identical with the Federal Rule 15, the two are sufficiently similar that authorities discussing the Federal Rule are here pertinent. Speaking of the Federal Rule, the authors of 6 Wright & Miller, Federal Practice and Procedure, had this comment in § 1497, pp. 489-490: "When plaintiff attempts to allege an entirely different transaction by amendment, as, for example, the separate publication of a libelous statement . . . the new claim will be subject to the defense of statute of limitations." The same authority, at § 1474, p. 384, states: "[W]henever a party seeks to add an entirely new claim for relief under Rule 15(a), it will be subject to the applicable statute of limitations and may not be allowed if it is time barred."

In the second claim for relief set forth in plaintiff's proposed amended complaint, she has set forth an entirely new claim as to which the allegations in her original complaint give no notice. The new claim asserted in the amended complaint was barred at the time it was filed. The court correctly denied her leave to file the amendment, and the order appealed from is

Affirmed.

Chief Judge Brock and Judge Arnold concur.