ALLEN PRESSLEY v. CONTINENTAL CAN COMPANY, INC., ALEXANDER POWERS, AND F. PAUL WOHLFORD

No. 7821SC224

(Filed 16 January 1979)

**Libel and Slander § 12.1— employee evaluation report—libel action barred by statute of limitations**

Plaintiff's action for libel based on a report placed in his personnel file in October 1972 was barred by the statute of limitations, and there was no continuous publication of the report during the time it was in plaintiff's file nor any republication of the libel beginning in January 1975 when plaintiff discovered the report in his file, since the mere fact that the report was kept in plaintiff's file did not amount to publication, even if the report were potentially available for others to read, and since no one saw the report after plaintiff learned of it except those persons to whom plaintiff showed it.

APPEAL by plaintiff from *Wood, Judge.* Judgment entered 25 October 1977 in Superior Court, FORSYTH County. Heard in the Court of Appeals 29 November 1978 in Winston-Salem.

At the time of the occurrences giving rise to this action, plaintiff was employed as a machine cleaner by defendant Continental Can Company, Inc.; Wohlford was the plant manager; and defendant Powers was plaintiff's production supervisor. Plaintiff alleges that in October 1972, Wohlford ordered Powers to prepare an employee evaluation report on plaintiff and that the report as prepared contained malicious and libelous remarks as follows: "Allen is many things—racist, socialist, anti-world, sneak, conniving, lazy. . . . Once heavily concerned with [the union] now concentrates on civil rights. I care less of his thoughts & affiliations but

his output poor. Have tried to motivate—too many bad habits."
Plaintiff did not learn that the statements were part of his file un-
til January 1975.

Defendants pleaded the statute of limitations, privilege and
publication instigated by plaintiff. Defendants' motion for sum-
mary judgment was heard in depositions and granted. Plaintiff
appeals.

*Westmoreland & Sawyer, by Gregory W. Schiro and Laura
F. Sawyer, for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson, by W. F.
Maready and Robert J. Lawing, for defendant appellees.*

ERWIN, Judge.

Defendants argue that plaintiff's action is barred by the
statute of limitations. A libel action must be brought within one
year, G.S. 1-54(3), of the date it accrues, which is the date of
publication. *Gordon v. Fredle,* 206 N.C. 734, 175 S.E. 126 (1934);
*Price v. Penney Co.,* 26 N.C. App. 249, 216 S.E. 2d 154 (1975), *cert.
denied,* 288 N.C. 243, 217 S.E. 2d 666 (1975). Here, the statute of
limitations is a bar to any action on the original making of the
report, which occurred in 1972. However, plaintiff contends that
there was continuous publication of the report between October
1972 and February 1975, and republication in 1975, so that there
was publication within one year of the commencement of this ac-
tion in October 1975. We do not agree.

We first consider whether there was continuous publication
of the report during the time it was in plaintiff's personnel file.
Plaintiff himself testified that to his knowledge, no one except
Powers and Wohlford saw the report. The mere fact the report
was kept in plaintiff's file does not amount to a publication, even
if the report were potentially available for others to read. This
situation is analogous to the sending of a libelous postcard
through the mail, where it has been held that without a showing
that the matter was actually communicated to some third person,
there is no libel. "An allegation that others had an opportunity to
read a libelous writing is not equivalent to an allegation that it
was read by them." *McKeel v. Latham,* 202 N.C. 318, 320-21, 162
S.E. 747, 748 (1932).

Plaintiff further argues that there was a republication of the libel beginning in January 1975 when he discovered the report in his file. Immediately upon discovering the report, he showed it to Guy Thomas, John Shobert (the industrial relations agent), and Richard Sullivan (the union president). Later that day, Shobert mailed the report to a Mr. Flaherty, the company's industrial relations manager for the Eastern Seaboard. To plaintiff's knowledge, no one other than the authorized persons saw the report. Two weeks later, Flaherty, Sullivan, Thomas, and plaintiff held a meeting concerning the report; plaintiff testified that all those present at the meeting were authorized to see the report.

On these facts, we can find no actionable republication. A publication of a libel, procured or invited by the plaintiff, is not sufficient to support an action for defamation. *Taylor v. Bakery,* 234 N.C. 660, 68 S.E. 2d 313 (1951). Therefore, neither plaintiff's showing of the report to several persons on the day he discovered it nor the reading of the report by those persons present at the later meeting, held at plaintiff's request to discuss the matter, is an actionable republication.

The transmittal of the report from Shobert to Flaherty falls within the defense of qualified privilege. Where a statement is "libel per se," that is, "a false written statement which on its face is defamatory," *Robinson v. Insurance Co.,* 273 N.C. 391, 393, 159 S.E. 2d 896, 899 (1968), there is a presumption of malice. *Stewart v. Check Corp.,* 279 N.C. 278, 182 S.E. 2d 410 (1971). However, a finding of qualified privilege rebuts the inference of malice and makes it necessary for the plaintiff to prove actual malice before he can recover. *Id., Bouligny, Inc. v. Steelworkers,* 270 N.C. 160, 154 S.E. 2d 344 (1967). Qualified privilege is defined by our Supreme Court as follows:

> " 'A qualified or conditionally privileged communication is one made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right, or interest. The essential elements thereof are of good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties

only. The privilege arises from the necessity of full and unrestricted communication concerning a matter in which the parties have an interest or duty.' 50 Am. Jur. 2d *Libel and Slander* § 195 (1970). Accord: 53 C.J.S. *Libel and Slander* § 89 (1948); *Hartsfield v. Hines, supra* at 361, 157 S.E. at 19."

*Stewart v. Check Corp., supra* at 285, 182 S.E. 2d at 415 (1971). We find that a qualified privilege existed for this communication to Flaherty, *see Alpar v. Weyerhaeuser Co.,* 20 N.C. App. 340, 201 S.E. 2d 503 (1974), *cert. denied* 285 N.C. 85, 203 S.E. 2d 57 (1974), and that plaintiff has made no showing of actual malice.

Plaintiff's action is barred by the statute of limitations. Judgment for defendants was properly entered.

Affirmed.

Judges PARKER and MARTIN (Robert M.) concur.