607 P.2d 654

**Didier RAVEN, Plaintiff-Appellant,**

v.

**Stanley MARSH 3, Financial Resources, Inc., a New Mexico Corporation, West Mesa, Inc., a New Mexico Corporation, and the City of Albuquerque, New Mexico, Defendants-Appellees.**

**No. 4096.**

Court of Appeals of New Mexico.

Jan. 29, 1980.

Charles W. Daniels, Freedman, Boyd & Daniels, P. A., Albuquerque, for plaintiff-appellant.

Paul G. Bardacke and Ronald Segel, Sutin, Thayer & Browne, Albuquerque, for defendants-appellees.

## OPINION

WALTERS, Judge.

Plaintiff appeals the trial court's dismissal of a count in libel from his second amended complaint. There is no dispute that the statute of limitations bars the claim unless by reason of N.M.R.Civ.P. 15(c), N.M.S.A. 1978, it relates back to the date of filing plaintiff's original complaint. The order of dismissal is affirmed.

The libel count related to incidents allegedly occurring in late 1974 and early 1975. The original and first amended complaints recited facts which alleged an agreement in 1973 for a joint venture between plaintiff and defendant Marsh, breach of the agreement and the fiduciary duty by Marsh in August 1974, a subsequent agreement between Marsh and the City of Albuquerque, and a 1977 settlement of a suit between Marsh and the City after the City breached that agreement. Plaintiff sought to impose a trust for his benefit upon the settlement proceeds, and he asked for money damages against defendant Marsh and an injunction and other relief against all defendants. None of the facts recited in the first two complaints intimated that any of defendant's allegedly wrongful acts were accompanied by or accomplished through libelous conduct of the defendant, nor was an injury in libel claimed.

Rule 15(c) provides that if the claim asserted in an amended pleading "arose out of the conduct, transaction or occurrence *set forth or attempted to be set forth* in the original pleading, the amendment relates back to the date of the original pleading."

Appellant urges that a liberal reading of the earlier complaints shows a "scheme" and a "course of conduct" by Marsh to oust plaintiff from their joint venture enterprise which would permit introduction of evidence that Marsh libelled plaintiff in doing so; therefore, Marsh was on sufficient notice that he would have to defend against such evidence to alert him to an unstated claim in libel. The argument asks too much under the guise of "liberal construction." Were we to hold that evidence of specific acts of conduct leading to the injury complained of must be anticipated by a defendant, so that subsequent factual allegations of such conduct and attendant injury suffered by plaintiff (made by an amended pleading) shall escape the bar of the limitations statute, we would open a Pandora's box. Every unpleaded wrong known to legal imagination would be added piecemeal and interminably to every plaintiff's complaint as pre-trial discovery and

investigation developed additional real or fancied misconduct on defendant's part. It is not the evidence to be introduced at trial that gives a defendant notice of what he must be prepared to answer; only the allegations of the complaint alert him to his defenses.

We are referred to respected authorities for the proposition that Rule 15(c) was intended to ameliorate the effect of the statute of limitations and thus, if the original pleadings give "fair notice of the general fact situation out of which the claim arises," defendant is not prejudiced by denying the statute's application to an amended pleading. 6 C. Wright & A. Miller *Federal Practice & Procedure: Civil* § 1497 (1971); 3 *Moore's Federal Practice* ¶ 15.-15[2] (2d ed. 1979). We think appellant overlooks that the "general fact situation" he pleaded in both the first and first amended complaints alleged only that defendant Marsh sought "to oust plaintiff from the joint venture and . . . obtain the contract with the city . . . for his own benefit and to the exclusion of plaintiff Raven." The other lengthy allegations went only to the subsequent course of events between Marsh and the City following the alleged breach of Marsh's obligations to plaintiff. *Cf. Malone v. Swift Fresh Meats Co.,* 91 N.M. 359, 574 P.2d 283 (1978) (operative facts originally alleged on claim of unwarranted refusal to continue workmen's compensation payments were dates of payments, date of refusal, employer-employee status, and not underlying facts relating to injury and date of injury).

Plaintiff did not set forth, nor did he attempt to set forth, in his original or first amended complaint, any "conduct, transaction or occurrence" even hinting at libel on Marsh's part.

The liberality with which Rule 15 is to be viewed applies mainly to the manner in which the court's discretion shall be exercised in permitting amended pleadings. *See First Nat'l. Bank of Albuquerque v. Energy Equities, Inc.,* 91 N.M. 11, 569 P.2d 421 (Ct.App.1977). It does not permit us to so liberalize limitation statutes when new

facts, conduct and injuries are pleaded, that the limitation statutes lose their meaning. *Brito v. Carpenter,* 81 N.M. 716, 472 P.2d 979 (1970). *See also, Price v. J. C. Penney Co., Inc.,* 26 N.C.App. 249, 216 S.E.2d 154 (1975); *Vaughan v. Hornaman,* 195 Kan. 291, 403 P.2d 948 (1965). The allegedly libelous acts of Marsh occurred after the date he is alleged to have breached his contractual and fiduciary duties. Obviously they could not have arisen out of occurrences previously pleaded. When first alleged in the second amended complaint, the time for filing a tort action had expired. The new count in the second amended complaint could not "relate back" under Rule 15(c). *Brito* and *Price, supra; Keenan v. Yale New Haven Hospital,* 167 Conn. 284, 355 A.2d 253 (1974); *Griggs v. Farmer,* 430 F.2d 638 (4th Cir. 1970).

The order of dismissal is affirmed.

WOOD, C. J., and HERNANDEZ, J., concur.