REGINALD V. TROXLER v. CHARTER MANDALA CENTER, INC. AND CHARTER MEDICAL EXECUTIVE CORPORATION

No. 8721SC812

(Filed 15 March 1988)

1. **Libel and Slander § 16; Master and Servant § 33— slander by fellow employee —action against employer—qualified privilege—slander outside scope of employment—respondeat superior inapplicable**

     In an action for slander based on statements by one of defendant's employees that plaintiff had sexual relations with a minor female patient, defendant was entitled to summary judgment where plaintiff argued on the one hand that defendant was liable under respondeat superior because the employee was acting within the scope of his employment, in which case the defense of qualified privilege would apply, and plaintiff argued on the other hand that the employee was motivated by malice and resentment, in which case the employee would be outside the scope of his employment and defendant would not be liable under the doctrine of respondeat superior.

2. **Libel and Slander § 10— sexual misconduct by hospital employee—statements made during investigation—qualified privilege**

     Statements made by defendant's employees in investigating charges of sexual misconduct were privileged, and there was no merit to plaintiff's contention that the qualified privilege was lost because of the hospital administrator's malice toward plaintiff and excessive publication, since there was no evidence that the administrator spoke to anyone outside of those who had a corresponding interest in the communication and were part of the investigative process.

3. **Trespass § 2— statements by hospital administrator—alleged sexual misconduct by employee—no intentional infliction of emotional distress**

     Statements by defendant's administrator concerning plaintiff's alleged sexual misconduct with a minor patient in defendant's hospital did not constitute an intentional infliction of emotional distress where the administrator received information concerning sexual abuse of a minor in defendant's care; the administrator had a duty to the patients and to defendant to investigate these charges and was bound by N.C.G.S. § 7A-543 to report these allegations to protective services; all of the people with whom he spoke were part of the in-

vestigative process; and the administrator's conduct thus cannot be considered outrageous or extreme.

APPEAL by plaintiff from *Wood (William Z.), Judge*. Order entered 15 May 1987 in Superior Court, FORSYTH County. Heard in the Court of Appeals 8 February 1988.

On 28 January 1986, plaintiff filed suit against Charter Medical Executive Corporation (Charter Medical) and his employer, Charter Mandala Center, Inc. (Mandala), a wholly owned subsidiary of Charter Medical. The complaint sought recovery for slander and intentional infliction of emotional distress arising out of statements by defendants' employees that plaintiff, while working as a mental health worker, had sexual relations with a minor female patient at Mandala's hospital. On 24 April 1987, defendants filed a motion for summary judgment. The motion was granted on 15 May 1987. Plaintiff appeals.

The record reveals that on or about 18 January 1985, plaintiff's co-worker, Gregory Holthusen (Holthusen), met after work hours with his shift supervisor, Nancy Davis (Davis). Holthusen reported to Davis that several months earlier another co-worker, Thomas Kennedy (Kennedy), had told him that plaintiff and four other workers had engaged in sexual relations with a minor female patient. After receiving counsel from Davis, Holthusen reported the information to the head nurse who in turn reported it to the director of nursing. The director informed the hospital administrator, Alan Erbe (Erbe). Erbe subsequently contacted his immediate supervisor, an employee of Charter Medical in St. Louis, Missouri, who instructed Erbe how to proceed.

An investigation was initiated and those persons allegedly involved were interviewed. Plaintiff was interviewed and denied any sexual misconduct. During the course of the investigation, Erbe notified personnel at Charter Medical in Atlanta. He also contacted the local police and protective services. Charter Medical sent an investigative team to Mandala's hospital.

On 22 January 1985, plaintiff was suspended from his job pending the investigation. In March 1985, Mandala terminated plaintiff's employment.

In a sworn affidavit filed by plaintiff, Kennedy denied ever talking to Holthusen about the alleged sexual misconduct. He fur-

ther stated in his affidavit that Holthusen was bitter towards blacks who were receiving promotions ahead of Holthusen and specifically towards plaintiff who had been promoted. In an affidavit filed by defendant, Holthusen stated that Kennedy had related to him the charges concerning plaintiff and that Holthusen reported the charges out of concern for the welfare of the patients.

In their answer, defendants raise the affirmative defense of qualified privilege. They also assert that Holthusen's alleged slanderous statements cannot be imputed to them because he was outside the scope of his employment when the statements were made to Davis.

*Kennedy, Kennedy, Kennedy and Kennedy, by Harvey L. Kennedy and Harold L. Kennedy, III, for plaintiff-appellant.*

*Allman Spry Humphreys Leggett & Howington, P.A., by James R. Hubbard and David C. Smith, for defendant-appellees.*

SMITH, Judge.

Plaintiff assigns as error the trial court's granting of defendants' motion for summary judgment as to both causes of action. First, he contends that the circumstances under which Holthusen first related to Davis the alleged sexual misconduct did not constitute a "privileged occasion" and the qualified privilege defense is inapplicable. Second, plaintiff contends that the defense of qualified privilege, if it existed, was lost by excessive publication and malice on the part of Holthusen and Erbe. Third, plaintiff contends that the nature and manner in which the statements were published amount to extreme and outrageous conduct on the part of defendants so as to entitle plaintiff to a trial on his cause of action for intentional infliction of emotional distress. We reject plaintiff's arguments and affirm the trial court's order.

A trial court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c); *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). In ruling on the motion, the court must consider the evidence in the light most

favorable to the non-movant. *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 335 S.E. 2d 79 (1985), *disc. rev. denied*, 315 N.C. 597, 341 S.E. 2d 39 (1986). The non-movant must be given all favorable inferences which may reasonably be drawn from the facts proffered. *English v. Realty Corp.*, 41 N.C. App. 1, 254 S.E. 2d 223, *disc. rev. denied*, 297 N.C. 609, 257 S.E. 2d 217 (1979); *Whitley v. Cubberly*, 24 N.C. App. 204, 210 S.E. 2d 289 (1974). Therefore, any documents presented which support the movant's motion must be strictly scrutinized while the non-movant's papers are regarded with indulgence. *Miller v. Snipes*, 12 N.C. App. 342, 183 S.E. 2d 270, *cert. denied*, 279 N.C. 619, 184 S.E. 2d 883 (1971).

The record contains two affidavits which are in direct conflict with each other. Kennedy's affidavit, furnished by plaintiff, states that Kennedy never talked to Holthusen and that Holthusen was resentful and bitter toward plaintiff. Holthusen's affidavit, furnished by defendant, states that Kennedy told him that plaintiff and others had sexual relations with a minor female patient and that he reported the story to his supervisor after normal working hours.

[1] It is apparent to this Court that plaintiff has attempted to put forth two conflicting arguments. On the one hand, plaintiff has argued that defendants are liable under *respondeat superior* because Holthusen was acting within the scope of his employment. On the other hand, plaintiff has argued that defendant's employee, Holthusen, was motivated by malice and resentment. If we accept Kennedy's statement, Holthusen would be outside the scope of his employment and defendants are not liable under the doctrine of *respondeat superior*. If we accept Holthusen's statement, he would be within the scope of employment and the defense of qualified privilege would apply. Defendant is entitled to summary judgment under either theory.

To be within the scope of employment, an employee, at the time of the incident, must be acting in furtherance of the principal's business and for the purpose of accomplishing the duties of his employment. *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E. 2d 116, *disc. rev. denied*, 317 N.C. 334, 346 S.E. 2d 140 (1986). If an employee departs from that purpose to accomplish a purpose of his own, the principal is not liable. *Id.* If we assign every favorable inference to Kennedy's affidavit and thus

accept it as true, then Holthusen's statements to Davis were to further a malicious purpose of his own and are thus outside the scope of his employment.

Even if we accepted Gregory Holthusen's affidavit that he was acting out of concern for patient welfare and found him to be within the scope of his employment, defendant would still be entitled to summary judgment because Holthusen then had a qualified privilege for his allegations regarding plaintiff.

> 'A qualified or conditionally privileged communication is one made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right or interest.'

*Gibby v. Murphy*, 73 N.C. App. 128, 132-133, 325 S.E. 2d 673, 676 (1985), *quoting Stewart v. Check Corp.*, 279 N.C. 278, 285, 182 S.E. 2d 410, 415 (1971). A "privileged occasion" arises " 'when for the public good and in the interests of society one is freed from liability that would otherwise be imposed on him by reason of the publication of defamatory matter.' " *Ponder v. Cobb and Runnion v. Cobb and Rice v. Cobb*, 257 N.C. 281, 295, 126 S.E. 2d 67, 78 (1962), *quoting* 53 C.J.S., Libel and Slander, section 87, pp. 142 and 143.

[2] The health care industry plays a vital and important role in our society. It plays a critical part in helping us to maintain our physical and mental well-being. We as a society, therefore, are interested in the quality and trustworthiness of the care which the medical community provides.

In response to society's concern, defendants, as owners and operators of medical facilities, have an interest in fostering public confidence in their ability to provide safe and expert patient care and treatment. Part of the task of fostering such confidence involves hiring and maintaining a skilled and trustworthy staff and investigating any allegations of patient abuse or mistreatment by members of that staff. Thus, the statements made by the employees (other than Holthusen) of Mandala and Charter Medical in investigating the charges of sexual misconduct were privileged.

Holthusen, an employee of defendant who was directly responsible for patient care, had an ethical if not employment-based duty to report any allegations of abuse. If his affidavit is taken as true, he was protecting the public interest as well as the interests of the patients and defendants. In this context, the allegations reported by Holthusen to his immediate supervisor and to similarly interested personnel were made on a "privileged occasion." If he was within the scope of his employment, he had qualified privilege. Additionally, because Holthusen, according to his affidavit, was acting to further defendants' business, he would be within the scope of his employment and the privilege which freed him of liability would be imputed to defendants. *See generally Morrison v. Kiwanis Club*, 52 N.C. App. 454, 279 S.E. 2d 96, *disc. rev. denied*, 304 N.C. 196, 285 S.E. 2d 100 (1981).

On previous occasions our courts have held that allegations made during the course of investigations are privileged. *See Jones v. Hester*, 260 N.C. 264, 132 S.E. 2d 586 (1963) (corporate president's investigation of employee held to be privileged); *Hartsfield v. Hines*, 200 N.C. 356, 157 S.E. 16 (1931) (defendant's investigation of corporate mismanagement held to be privileged); *Gattis v. Kilgo*, 140 N.C. 106, 52 S.E. 249 (1905) (investigation of charges against college president by board of trustees held to be privileged); *Pressley v. Can Company*, 39 N.C. App. 467, 250 S.E. 2d 676, *disc. rev. denied*, 297 N.C. 177, 254 S.E. 2d 37 (1979) (employment evaluation report by defendant's agent and sent to defendant's manager held to be privileged). The undisputed facts here make clear the privileged nature of the communications made by Erbe, the hospital administrator. The record shows that Erbe only made statements regarding plaintiff to protective services, an agency to which he was legally bound to report (*see* G.S. 7A-543), to the police, to supervisory personnel at Charter Medical and to personnel who were part of the investigation process.

Plaintiff has asserted that defendants' qualified privilege was lost because of Erbe's malice toward plaintiff and excessive publication. We do not agree. Plaintiff has put forth no evidence that Erbe spoke to anyone outside of those who had a corresponding interest in the communication and were part of the investigative process. Nor did he provide any evidence to show malice other than an alleged statement by Erbe to plaintiff that plaintiff was

facing a possible prison term. On its face, such a statement can hardly be said to indicate malice.

[3] Finally, plaintiff contends that statements made by defendants' employees and the alleged manner in which they were communicated constituted an intentional infliction of emotional distress. We disagree. The entire record is devoid of any evidence of outrageous conduct on the part of defendants' employees. To the contrary, the record shows that defendant's administrator received information concerning sexual abuse of a minor in its care. Erbe had a duty to the patients and to defendant to investigate these charges. He was further bound, under G.S. 7A-543, to report these allegations to protective services. All of the people with whom he spoke were part of the investigative process. Given these circumstances, Erbe's conduct cannot be considered outrageous or extreme. Plaintiff relies on *Falwell v. Flynt*, 797 F. 2d 1270, *reh'g denied*, 805 F. 2d 484 (4th Cir. 1986). That opinion was recently reversed, *Falwell v. Flynt*, --- U.S. ---, --- L.Ed. 2d ---, 108 S.Ct. 876 (1988), and does not apply to the facts before this Court. Defendants herein did not publish the allegations of sexual misconduct to the general public intending to expose plaintiff to public ridicule. Defendants here conducted a confidential and necessary investigation to protect patients under their care.

Affirmed.

Chief Judge HEDRICK and Judge BECTON concur.