DEBORAH P. PHELPS, Appellant v. STEPHEN VASSEY, THE CITY OF
FAYETTEVILLE/PUBLIC WORKS COMMISSION, Appellees

No. 9212SC1310

(Filed 21 December 1993)

**1. Rules of Civil Procedure § 56 (NCI3d) — summary judgment — affidavits — initially produced at hearing — not considered — no error**

The trial court did not err in an action for sexual harassment and emotional distress by refusing to consider affidavits produced for the first time at the summary judgment hearing. Although plaintiff contended that there were extenuating circumstances in that defense counsel's office was closed when she attempted to serve the affidavits, the affidavits were signed and notarized on the day of the hearing and could not have been served prior to that time.

**Am Jur 2d, Summary Judgment § 17.**

**2. Intentional Infliction of Mental Distress § 2 (NCI4th) — sexual harassment — no ratification by employer — summary judgment for employer**

The trial court did not err by granting summary judgment for defendant Public Works Commission on a claim arising from sexual harassment where plaintiff worked in the customer service department at Fayetteville's Public Works Commission; plaintiff's immediate supervisor was Meshaw; Vassey, who was accused of the harassment, had supervisory power over plaintiff as the Director of Customer Service and as Meshaw's supervisor; Meshaw approached plaintiff and asked if she was having any problems with sexual advances from Vassey; Meshaw encouraged plaintiff to report the harassment to the PWC manager; plaintiff was reluctant but eventually submitted a written report to the director of personnel who forwarded the report to the manager; the manager met with plaintiff and plaintiff subsequently received a letter from the manager indicating that Vassey had been reprimanded and that he would be terminated if he ever harassed plaintiff again; and plaintiff was not subsequently subjected to sexual harassment. There was no charge that the acts were authorized by the PWC; plaintiff introduced insufficient evidence to show that Vassey was acting within the scope of his employment;

PHELPS v. VASSEY

[113 N.C. App. 132 (1993)]

and plaintiff failed to show any version of facts from which a reasonable jury could infer that PWC had ratified the sexual harassment of plaintiff.

**Am Jur 2d, Job Discrimination §§ 782, 783, 806, 809.**

**Liability of employer, supervisor, or manager for intentionally or recklessly causing employee emotional distress. 52 ALR4th 853.**

Appeal by plaintiff from judgment entered 24 April 1992 by Judge D.B. Herring, Jr. in Cumberland County Superior Court. Heard in the Court of Appeals 29 October 1993.

*C. Leon Lee, II for plaintiff.*

*Reid, Lewis, Deese & Nance, by Renny W. Deese and Rebecca F. Person, for defendant City of Fayetteville/Public Works Commission.*

LEWIS, Judge.

By this appeal we are asked to determine the liability, if any, of the City of Fayetteville's Public Works Commission ("PWC") for the alleged sexual harassment of Deborah P. Phelps ("plaintiff") by Stephen Vassey ("Vassey"). At all times pertinent to this appeal, plaintiff worked in the customer service department at PWC. Although plaintiff's immediate supervisor was Judy Meshaw ("Meshaw"), Vassey had supervisory power over plaintiff as the Director of Customer Services and as Meshaw's supervisor. During August 1990, Meshaw approached plaintiff and asked if she was having any problems with Vassey as far as sexual advances. Plaintiff indicated that she had felt sexually harassed since Christmas of 1989 due to unwanted flirting and dirty jokes told by Vassey. Plaintiff also indicated that Vassey had repeatedly touched her in an improper manner and that he kicked her chair. The record also reveals that Vassey encouraged plaintiff to follow him home after a company picnic where he began forcibly kissing her despite her pleas to stop. When Meshaw learned of these incidents she encouraged plaintiff to report them to Timothy Wood ("Wood"), the PWC manager. However, plaintiff was reluctant to discuss the issue further, and it was not until 14 October 1990 that plaintiff, with the help of another employee who also complained of harassment by Vassey, finally submitted a written report to Shirley White

("White"), the Director of Personnel at PWC. White forwarded plaintiff's complaint to Wood, who thereafter met with plaintiff to discuss the alleged acts of sexual harassment. Plaintiff subsequently received a letter from Wood indicating that Vassey had been reprimanded and that if he ever harassed plaintiff again he would be terminated. Plaintiff concedes that she has not been subjected to any sexual harassment since October 1990.

Plaintiff instituted this action on 24 January 1991 naming Vassey and PWC as defendants and seeking damages for sexual harassment and emotional distress. This matter was heard by Judge Herring on 20 April 1992 on PWC's motion for summary judgment. After considering the pleadings, depositions and interrogatories, Judge Herring concluded that there was no issue of material fact and granted summary judgment in favor of PWC. Plaintiff then took a voluntary dismissal as to Vassey and appealed Judge Herring's ruling to this Court.

[1] The first issue presented for consideration is whether Judge Herring erred in refusing to consider the affidavits of plaintiff and her doctor which were presented for the first time at the summary judgment hearing. N.C.G.S. § 1A-1, Rule 56(c) provides that a party opposing a motion for summary judgment may file affidavits prior to the day of the hearing. It is undisputed that plaintiff failed to file her affidavits prior to the day of the hearing, but she contends that extenuating circumstances should relieve her from this obligation. According to plaintiff's brief, she attempted to serve the affidavits on PWC's counsel on Friday, 17 April 1992, but because that day was Good Friday defendant's counsel's office was not open and the affidavits were not served. It is plaintiff's contention that since PWC's counsel chose to close its office on a day that was not a State holiday, she should not be penalized.

Although plaintiff's argument is creative, we need not reach this issue. In our review of the record, we note that the affidavits which plaintiff attempted to serve were both signed and notarized on 20 April 1992. Since North Carolina recognizes a presumption as to the legality of a written instrument before a certifying officer, see *Moore v. Moore*, 108 N.C. App. 656, 424 S.E.2d 673, *aff'd in part*, 334 N.C. 684, 435 S.E.2d 71 (1993), we are faced with the inescapable conclusion that the affidavits were not signed until 20 April 1992, making it impossible for them to have been served on 17 April 1992 as urged by plaintiff. Therefore, since the af-

fidavits were signed and notarized on the date of the summary judgment hearing, there was no way in which they could have been served prior to the hearing and the trial court did not err in refusing to consider such.

[2] The second issue is whether the trial court erred in granting summary judgment for PWC. Plaintiff contends that summary judgment should not have been granted because PWC did not take sufficient action to remove plaintiff from the harassing atmosphere once it learned of the accusations. We disagree. Previous sexual harassment cases have established that there are three situations in which an employer may be liable for the actions of its employee: 1) if the harassment was expressly authorized, 2) if the harassment was in the scope of the employee's employment and in furtherance of the employer's business, and 3) if the harassment was ratified by the employer. *See Brown v. Burlington Indus., Inc.,* 93 N.C. App. 431, 378 S.E.2d 232 (1989). In this case, there has been no charge that Vassey's acts were authorized by PWC. Therefore we will concentrate on the last two possibilities.

In *Hogan v. Forsyth Country Club Co.,* 79 N.C. App. 483, 340 S.E.2d 116, *disc. rev. denied,* 317 N.C. 334, 346 S.E.2d 140 (1986), this Court, in addressing an agent's scope of employment, stated:

> [i]f the act of the employee was a means or method of doing that which he was employed to do, though the act be unlawful and unauthorized or even forbidden, the employer is liable for the resulting injury, but he is not liable if the employee departed, however briefly, from his duties in order to accomplish a purpose of his own, which purpose was not incidental to the work he was employed to do.

*Id.* at 491, 340 S.E.2d at 122. It has also been said that to be within the scope of employment "an employee, at the time of the incident, must be acting in furtherance of the principal's business and for the purpose of accomplishing the duties of the employment." *Brown* at 436, 378 S.E.2d at 235. Intentional acts, such as sexual harassment, are rarely considered to be within the scope of employment. *Id.* at 437, 378 S.E.2d at 235.

Plaintiff, here, has offered no evidence to suggest that Vassey was in any way acting within the scope of his employment or that he was furthering the business of PWC. In fact, all the evidence

PHELPS v. VASSEY

[113 N.C. App. 132 (1993)]

points to the opposite conclusion. As to the incidents which occurred at work and at the picnic, there is no evidence to suggest that Vassey was acting other than in his own interests. *See Medlin v. Bass*, 327 N.C. 587, 398 S.E.2d 460 (1990) (principal's sexual assault on a student was advancing a personal interest and was not one within the scope of employment). Accordingly, we hold that plaintiff has produced insufficient evidence to show that Vassey was acting in the scope of his employment.

The only remaining way PWC could be liable for Vassey's sexual harassment would be by ratification. In order to show ratification, the plaintiff must establish that the "employer had knowledge of all material facts and circumstances relative to the wrongful act, and that the employer, by words or conduct, show[ed] an intention to ratify the act." *Brown* at 437, 378 S.E.2d at 236. Ratification can be shown by any course of conduct which reasonably tends to show an intention on the part of the principal to ratify the agent's unauthorized acts. *Carolina Equip. Co. v. Anders*, 265 N.C. 393, 144 S.E.2d 252 (1965). This course of conduct may include an omission to act. *Brown* at 437, 378 S.E.2d at 236.

In *Brown*, this Court found no error on the issue of ratification because the plaintiff's manager failed to report acts of sexual harassment once they were brought to his attention as company policy required. This Court held that the manager's omission was a factor from which the jury could infer ratification. *Id.* at 438, 378 S.E.2d at 236. Important to the Court's rationale was that the designation of manager implies general power and permits an inference that a person is vested with control of a business and that the manager's acts are those of the company. *Id.* at 437, 378 S.E.2d at 236. The designation of manager was also critical in *Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 340 S.E.2d 116, *disc. rev. denied*, 317 N.C. 334, 346 S.E.2d 140 (1986), where ratification was found when evidence was shown that plaintiff complained to her general manager but the general manager did nothing.

The evidence in this case shows that the only person who knew about plaintiff's problem with Vassey was Meshaw, who approached plaintiff. Even though Meshaw was plaintiff's direct supervisor, she had no authority to hire or fire Vassey because he was her supervisor. There is also no evidence to suggest that PWC had a policy in place requiring Meshaw to report her knowledge of alleged sexual harassment. All of the evidence indicates that

Meshaw's discussions with plaintiff were personal and private and that she encouraged plaintiff to report the incidents to someone who had the authority to act. We do not believe that Meshaw's knowledge and authority was such that a jury could infer a course of conduct on the part of PWC tending to show ratification.

The public policy of North Carolina must be to stop sexual harassment in the work place and to encourage the swift and sure actions such as PWC took to warn and promise termination if such behavior continues. To that end, we note that once plaintiff formally reported her allegations they were immediately and effectively handled by Wood who reprimanded Vassey and indicated that he would be terminated if the incidents continued. This is hardly the type of inaction found in either *Brown* or *Hogan*. We find that plaintiff has failed to show any version of the facts from which a reasonable jury could infer that PWC had ratified Vassey's sexual harassment of plaintiff. Accordingly the judgment of the trial court is

Affirmed.

Judges WYNN and McCRODDEN concur.