WILLIAM J. MERCIER, SR., Plaintiff v. GILBERT W. DANIELS and
U-HAUL COMPANY OF NORTH CAROLINA, Defendants

No. COA99-1025

(Filed 15 August 2000)

**1. Alienation of Affections— vicarious liability of employer— scope of employment—deviation**

The trial court did not err by granting summary judgment in favor of defendant employer based on plaintiff's failure to forecast sufficient evidence to support his claim that defendant employee's alienation of affection of plaintiff's wife was in the scope of the employee's employment, because the employee's personal involvement with plaintiff's wife represented a deviation from the duties of his employment and was not committed in furtherance of his employer's business.

**2. Alienation of Affections— ratification of employer—no facts alleging knowledge**

The trial court did not err by granting summary judgment in favor of defendant employer based on its finding that the employer did not ratify any of defendant employee's alleged wrongful acts of alienation of affection of plaintiff's wife, because: (1) plaintiff did not allege facts indicating the employer's knowledge of its employee's conduct and an intention to ratify the acts; and (2) even if plaintiff had properly alleged the employer's supposed ratification of its employee's misdeeds, plaintiff failed to forecast sufficient evidence in support of his claim.

Appeal by plaintiff from judgment entered 17 May 1999 by Judge Shelly S. Holt in New Hanover County District Court. Heard in the Court of Appeals 18 May 2000.

*John K. Burns, for plaintiff-appellant.*

*Butler & Butler, by Algernon L. Butler, III, for defendant-appellee U-Haul Company of North Carolina.*

*Gilbert Daniels, pro se. No brief filed.*

SMITH, Judge.

Plaintiff William J. Mercier, Sr. appeals from the trial court's "Revised and Final Order and Judgment" granting summary judgment

in favor of defendant U-Haul Company of North Carolina (U-Haul) on 17 May 1999. We affirm.

William and Nancy Mercier were married in 1969, separated in 1992, reconciled in 1994 and lived together continuously from 1994 until 29 December 1997. Mr. and Mrs. Mercier jointly operated Auto Specialists, a used car dealership in Wilmington, North Carolina. Mr. Mercier purchased, repaired and sold cars, while Mrs. Mercier performed office duties and paperwork. In the spring of 1997, the Merciers sought to supplement income from car sales by acquiring a U-Haul dealership.

At that time, defendant Gilbert Daniels was employed with defendant U-Haul as an area field manager. He was responsible for supervising thirty U-Haul dealerships in southeastern North Carolina. His duties included helping prospective U-Haul dealers complete applications, teaching new dealers about U-Haul procedures and paperwork, assisting dealers with business operations and moving U-Haul equipment between dealerships. Daniels first met Mr. and Mrs. Mercier when they applied for a dealership in 1997. In time, Daniels' business relationship with the Merciers developed into friendship.

After an argument between the Merciers on 29 December 1997, Mrs. Mercier left the marital home and went to her daughter's house. She called Daniels and asked if she could stay in his home temporarily. After briefly returning to the marital home in early January 1998, Mrs. Mercier moved in with Daniels permanently.

On 20 April 1998, Mr. Mercier commenced this civil action against Daniels for alienation of affection and criminal conversation. The complaint alleged that U-Haul was vicariously liable for alienation of affection caused by Daniels.

U-Haul and Daniels generally denied Mr. Mercier's allegations of misconduct in their respective answers. On 30 April 1999, U-Haul filed a motion for summary judgment supported by the affidavits of Mrs. Mercier and James Frawley, U-Haul's vice president. In reply, Mr. Mercier submitted a response to the motion for summary judgment and a counteraffidavit. On 17 May 1999, after considering the pleadings, affidavits and depositions, the trial court granted summary judgment in favor of U-Haul. Plaintiff appeals.

According to appellee U-Haul's brief, after the trial court granted summary judgment, the case was tried before a jury. Following their

verdict, the trial court entered judgment against Daniels on 21 May 1999, and no appeal from the judgment against Daniels has been brought forward.

Before considering appellant's assignments of error, we note that normally "it is not a part of the function of the court on a motion for summary judgment to make findings of fact and conclusions of law." *Capps v. City of Raleigh*, 35 N.C. App. 290, 292, 241 S.E.2d 527, 528 (1978). Although "in rare situations it can be helpful to set out the undisputed facts which form the basis for [a] judgment," *id.* at 292, 241 S.E.2d at 529, "the enumeration of findings of fact . . . is technically unnecessary and generally inadvisable in summary judgment cases," *Ellis v. Williams*, 319 N.C. 413, 415, 355 S.E.2d 479, 481 (1987). In the instant case, we believe it was unnecessary for the trial court to make the detailed findings and conclusions in its judgment.

In this case, the court's order granting summary judgment contained the following statements:

> The Court finds that U-Haul did not expressly authorize any wrongful or malicious conduct of Daniels. . . .
>
> . . . .
>
> The Court . . . finds that Daniels committed no wrongful or malicious act or any acts that caused the alleged alienation of affection in the course or scope of his employment or implied authority.
>
> . . . .
>
> The Court . . . finds that U-Haul did not ratify any of the alleged wrongful acts . . . which caused the alleged alienation of affections.

Pursuant to *Mosley v. Finance Co.*, 36 N.C. App. 109, 111, 243 S.E.2d 145, 147, *disc. review denied*, 295 N.C. 467, 246 S.E.2d 9 (1978), these findings of fact can be disregarded on appeal.

A motion for summary judgment is properly granted when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

N.C.G.S. § 1A-1, Rule 56(c) (1999). When considering the substance of a motion for summary judgment, a defendant bears the burden of showing (1) an essential element of plaintiff's claim is nonexistent; (2) plaintiff is unable to produce evidence which supports an essential element of his claim; or, (3) plaintiff cannot overcome an affirmative defense which would bar his claim. *Lyles v. City of Charlotte*, 120 N.C. App. 96, 99, 461 S.E.2d 347, 350 (1995), *rev'd on other grounds*, 344 N.C. 676, 477 S.E.2d 150 (1996).

Once defendant has met his burden, the plaintiff must "forecast sufficient evidence of all essential elements of [his] claims." *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992). In ruling on the motion, the trial court must view all evidence in the light most favorable to the plaintiff, accepting his facts as true, and drawing all inferences in his favor. *See Kennedy v. Guilford Tech. Community College*, 115 N.C. App. 581, 583, 448 S.E.2d 280, 281 (1994).

In order to survive U-Haul's motion for summary judgment, Mr. Mercier must show: (1) all of the elements of the alienation of affection claim against Daniels are satisfied; and (2) there is a basis for imposing liability against U-Haul. Assuming *arguendo* Mr. Mercier forecast sufficient evidence of all essential elements of his alienation of affection claim against Daniels, we conclude he did not present any evidence to support U-Haul's vicarious liability.

Our courts have held that:

liability of a principal for the torts of his agent may arise in three situations: (1) when the agent's act is expressly authorized by the principal; (2) when the agent's act is committed within the scope of his employment and in furtherance of the principal's business; or (3) when the agent's act is ratified by the principal.

*Hogan v. Forsyth Country Club Co.*, 79 N.C. App. 483, 491, 340 S.E.2d 116, 121, *disc. review denied*, 317 N.C. 334, 346 S.E.2d 140 (1986). In the case *sub judice*, Mr. Mercier concedes that U-Haul did not expressly authorize Daniels' wrongful conduct. Thus, we address only his remaining contentions that either Daniels acted within the scope of his employment or U-Haul ratified his behavior.

[1] Mr. Mercier first argues that the trial court erred in finding that he failed to forecast evidence sufficient to support his claim that Daniels' alienation of Mrs. Mercier's affection was in the scope of his employment with U-Haul. We disagree. "To be within the scope of employment, an employee, at the time of the incident, must be acting

in furtherance of the principal's business and for the purpose of accomplishing the duties of his employment." *Troxler v. Charter Mandala Center*, 89 N.C. App. 268, 271, 365 S.E.2d 665, 668, *disc. review denied*, 322 N.C. 838, 371 S.E.2d 284 (1988). The North Carolina Supreme Court held that an employer "is not liable if the employee departed, however briefly, from his duties in order to accomplish a purpose of his own, which purpose was not incidental to the work he was employed to do." *Wegner v. Delicatessen*, 270 N.C. 62, 66-67, 153 S.E.2d 804, 808 (1967).

U-Haul contends that Daniels' involvement with Mrs. Mercier "was not done in furtherance of U-Haul's business, . . . but was a product of Daniels' own purpose and was done in consummation of his personal desire." While we find no published decisions in North Carolina involving an employer's vicarious liability for alienation of affection, we find support for U-Haul's position in cases concerning workplace sexual harassment. In *Hogan*, 79 N.C. App. at 492, 340 S.E.2d at 122, we held that a male employee's gestures and suggestive remarks, though committed in the workplace while he and the plaintiff were on duty, were acts "in pursuit of some corrupt or lascivious purpose of his own." As such, we held that he was not acting within the scope of his employment. *Id.; see also Phelps v. Vassey*, 113 N.C. App. 132, 437 S.E.2d 692 (1993); *Brown v. Burlington Industries, Inc.*, 93 N.C. App. 431, 378 S.E.2d 232 (1989), *disc. review improvidently allowed*, 326 N.C. 356, 388 S.E.2d 769 (1990).

At least one jurisdiction has considered an employer's liability for alienation of affection caused by an employee. In *Jackson v. Righter*, 891 P.2d 1387 (Utah 1995), the plaintiff commenced a civil action against his wife's supervisors and employers, alleging, *inter alia*, that the defendants were liable for alienating his wife's affection. While the plaintiff's wife was an employee of the defendant companies, she was romantically and physically involved with two of her supervisors. *Id.* The court held that, "although [a supervisor] used business activities as a forum for pursuing his romantic relationship with [the plaintiff's wife], [the supervisor's] acts were clearly an abandonment of employment and outside the scope of his employment." *Id.* at 1391.

In light of these decisions and in accordance with the evidence in this case, we conclude that Daniels' personal involvement with Mrs. Mercier represented a deviation from the duties of his employment with U-Haul. Mr. Mercier argues that Daniels, in the course and scope of his employment, alienated Mrs. Mercier's affection by talking with

her about personal problems and relationships, declaring his love for her and transporting her to his home. As an area field manager, Daniels was responsible for setting up new dealerships and visiting and supporting existing dealers. U-Haul encouraged him to promote "good will" between dealers and the company. Daniels was required to have almost daily personal contact with dealers in the first weeks of operation, quarterly personal contact with established dealers and regular telephone communication with all U-Haul dealers.

While U-Haul may have endorsed frequent interaction with dealers, Daniels' personal, romantic involvement with Mrs. Mercier was not for the purpose of accomplishing any of his duties or U-Haul's business. To the contrary, Daniels' romantic interest in Mrs. Mercier was clearly personal and in no way in furtherance of his employment. In his deposition, Mr. Daniels testified that his relationship with Mrs. Mercier "had absolutely nothing to do with U-Haul" and was "[his] personal life. One hundred percent." As in the cases mentioned above, where the individual defendants made sexual advances toward their coworkers, Daniels' behavior should not be construed as promoting U-Haul's business. *See Hogan*, 79 N.C. App. 483, 340 S.E.2d 116; *Phelps*, 113 N.C. App. 132, 437 S.E.2d 692; *Brown*, 93 N.C. App. 431, 378 S.E.2d 232. Thus, we hold that Daniels' actions were not within the scope of his employment.

**[2]** Mr. Mercier also contends that "the trial court erred in finding that defendant U-Haul did not ratify any of [Daniels'] alleged wrongful acts." After reviewing the evidence in the light most favorable to Mr. Mercier and drawing all inferences in his favor, we disagree.

Under North Carolina law, "[i]n order to show that the wrongful act of an employee has been ratified by his employer, it must be shown that the employer had knowledge of all material facts and circumstances relative to the wrongful act, and that the employer by words or conduct, shows an intention to ratify the act." *Hogan*, 79 N.C. App. at 492, 340 S.E.2d at 122 (citing *Equipment Co. v. Anders*, 265 N.C. 393, 144 S.E.2d 252 (1965)). Thus, in order to properly state a claim for ratification, Mr. Mercier is required to allege facts indicating U-Haul's knowledge of Daniels' conduct and an intention to ratify his acts.

In Mr. Mercier's unverified complaint, the only references to U-Haul are contained in the jurisdictional allegation, the prayer for relief, and the following passages in the body of the complaint:

18. [Daniels] was, at all times relevant to this civil action, a District Manager for the [U-Haul] district in which the plaintiff was doing business. The plaintiff was a local dealer of [U-Haul]. [Mrs. Mercier] worked in the plaintiff's business, including the U-Haul dealership part of the business.

19. Regular direct contact with the plaintiff and his employees was within the course and scope of [Daniels'] employment with [U-Haul].

20. This business relationship required frequent contact between [Daniels] and [Mrs. Mercier]. . . .

21. [Daniels] . . . deliberately used his position as a district manager . . . to manipulate the emotions of [Mrs. Mercier] and to alienate her affections from the plaintiff.

None of these statements directly or implicitly suggest that U-Haul had knowledge of or intended to ratify Daniels' conduct.

Even if Mr. Mercier had properly alleged U-Haul's supposed ratification of Daniels' misdeeds, he failed to forecast sufficient evidence in support of his claim. His affidavit referred to U-Haul only four times:

10. In 1997 I was told on numerous occasions, after the fact, of lunches or dinners that my wife and [Daniels] had taken alone. I was told on each occasion that the meal was a U-Haul business necessity.

. . . .

12. . . . [Daniels] would leave his dog in the care of my wife for a day or two at a time, while he was out of town on U-Haul business. . . .

. . . .

15. The largest problem we ever encountered was financial and in the course of 1997 it appeared that the success of our U-Haul dealership would bring long-term financial relief.

. . . .

19. Defendant Daniels' inducing my wife to abandon me has impoverished me. Before his misconduct, I lived in a home with a good income from the U-Haul dealership that I founded with my wife. Because of his misconduct, the dealership was closed.

Like the complaint, this affidavit failed to state any fact which would corroborate the assertions in Mr. Mercier's brief. While U-Haul's vice president denied all knowledge of the relationship between Daniels and Mrs. Mercier before January 1998, Mr. Mercier's own affidavit contained no statements or facts in rebuttal. Mr. Mercier's affidavit also failed to state any facts from which it may be inferred that U-Haul had any intention to ratify or affirm Daniels' actions. Thus, on both elements of ratification, Mr. Mercier did not forecast sufficient evidence to overcome summary judgment on his claim that U-Haul ratified Daniels' acts. *See Waddle*, 331 N.C. at 82, 414 S.E.2d at 27.

U-Haul satisfied its burden on the motion for summary judgment by showing that an essential element of Mr. Mercier's claim was nonexistent, *see Lyles*, 120 N.C. App. at 99, 461 S.E.2d at 350. Because plaintiff failed to allege knowledge or affirmation of Daniels' conduct or present sufficient evidence thereof, defendant's motion for summary judgment was properly granted.

Affirmed.

Judges WALKER and TIMMONS-GOODSON concur.