[No. 1518, August 28, 1913.]

BENJAMIN B. SPENCER, Appellant, v. GROSS-KELLY COMPANY, Richard Dunn & Edward B. Wheeler, co-partners trading under the name, MORA TIMBER COMPANY, Appellees.

### SYLLABUS (BY THE COURT)

1. A judgment will be reversed where there is no evidence to support the verdict upon which it is based.

P. 194

Appeal from the District Court of Bernalillo County; Herbert F. Raynolds, District Judge; reversed and remanded.

MARRON & WOOD, Albuquerque, N. M., for appellant.

The cutting of the timber on sections 1 and 2 was never enjoined by legal process, as provided in the contract. Rodgers Locomotive Works v. Erie Ry. Co., 20 N. J. Eq. 379; 20 Enc. Pl. & Pr., 664, and cases cited; Perea v. Harrison, 7 N. M. 666.

No evidence to authorize submission to the jury of the question of plaintiff's acquiescence or waiver of rights under the contract. Hoxie v. Home Ins. Co., 32 Conn. 21; Kent v. Warner, 11 Allen 563; Bishop on Contracts,

sec. 792, (ed. 1887) ; Shaw v. Spencer, 100 Mass. 395; Bennecke v. Conn. Mut. Life Ins. Co., 105 U. S. 355; Ripley v. Etna Ins. Co., 30 N. Y. 164; Merchants Ins. Co. v. La Croix, 45 Tex. 168; Article on Waiver, 28 Enc. Pl. & Pr., 1st ed., 526.

E. W. DOBSON, MANN & VENABLE, Albuquerque, N. M., for appellees.

It is a well established rule of construction of contracts, that the intent of the parties governs. 9 Cyc. 577; Chesapeake & Ohio Canal Co. v. Hill, 15 Wall. 94; Mauran v. Bullus, 16 Pet. 528.

Courts in construing contracts will adopt the construction which the parties themselves give to certain terms used. Dist. of Columbia v. Gallagher, 124 U. S. 505; Clark v. Carlisle Gold Min. Co., 5 N. M. 323, 21 Pac. 356.

The matter in dispute, under the issues in this case, was a question for the jury to determine, and was fairly submitted. Clark v. Carlisle Gold Min. Co., 5 N. M. 323.

Upon the question of waiver the issue was properly submitted to the jury and its finding is sustained by the evidence. Pence v. Langdon, 99 U. S. 578; Territory v. Clark, 13 N. M. 59; Territory v. Hicks, 6 N. M. 596; Territory v. Barrett, 8 N. M. 70; Schofield v. Territory, 9 N. M. 526; District of Columbia v. Camden Iron Works, 181 U. S. 454; Williams v. Bank of United States, 2 Pet. 102; Nickerson v. Nickerson, 80 Me. 100; Robinson v. Penn. F. & Ins. Co., 90 Me. 389.

Plaintiff, by acquiescence, was estopped from denying that he had not waived his right to claim damages under the contract. Holliday v. Stewart, 151 U. S. 229; Speake v. U. S., Cranch 28, 3 L. Ed. 645; Deen v. Milne, 113 N. Y. 303; Hempy, et al., v. Griess, 51 N. Y. Sup. 1072; In re Pierson's Estate, 46 N. Y. Sup. 557.

Authority of an attorney at law to represent his client. Moulton v. Bowker, 115 Mass. 40; Hirsch v. Fleming, 77 Ga. 594; McClosky v. Sutro, 64 Cal. 485; Thompson v.

Pershing, 86 Ind. 303; Benson v. Carr, 73 Me. 76; Ohl-quest v. Farwell, 71 Iowa 231.

Where the defendant is present in court when an order is made authorizing a writ of injunction he is bound to observe it. Danville Banking & Tr. Co. v. Parks, 88 Ill. 170; Murphy v. Harker, 41 S. E. 585; Haws v. Fellows, 78 N. W. 812; Ex parte Lennon, 166 U. S. 548; Ex parte Richards, 117 Fed. 658; Seattle Brew. & Malt. Co. v. Hansen, 114 Fed. 1011.

## OPINION OF THE COURT.

PARKER, J.—Appellants sued appellees for damages for alleged breach of a contract for the cutting of certain timber on certain lands of appellees. The contract contained a provision as follows:

"It is further agreed and understood, by and between said parties that should the cutting of the said timber on said west half of section 1 and on said section 2, be *enjoined by legal process* the said party of the first part will not claim damages on account of such suspension of said work from the said party of the second part."

Appellees answered that the United States had brought suit to enjoin them from cutting timber on said lands; that they had been served with an order to show cause why said injunction should not issue; that thereupon H. W. Kelly, one of the appellees, had agreed, for all of appellees, with the United States Attorney for the District of New Mexico, that they would refrain from cutting said timber during the pendency of said suit; and that appellant was thereupon, on December 26, 1907, notified by Richard Dunn, one of the appellees, of said agreement, in which he acquiesced and made no claim whatever to any right to cut the said timber, and never demanded of defendants the right to cut timber, thereupon, after said date. On December 26, 1907, the said Richard Dunn wrote appellant as follows:

"On account of a law suit instituted against us by the U. S. Government, to dispossess us of the lands we bought in this township, among which are a part of section one

and all of section two, you will please discontinue the cutting of timber on those sections at once, and not resume cutting until this litigation is ended.

"Kindly acknowledge receipt of this and greatly oblige."

To this letter the appellant replied as follows:

"I am in receipt of your letter regarding the cutting of timber—will try to get up in two or three days."

Shortly after the date of this letter the appellant and the said Richard Dunn had various conversations concerning this matter and they both give their versions of what was said. The appellant testified that he was never notified of any such agreement between Kelly and the United States Attorney, but that he was told by Dunn that the appellees had been enjoined from cutting the timber. Dunn testified to several conversations with appellant, but in none of those conversations does he state that he ever informed the appellant of the agreement between Kelly and the United States Attorney. He states that he informed appellant that there was a suit brought by the Government in consequence of which appellees had to withhold from cutting the timber and as a consequence they could not consent to appellant cutting on the lands in question; that he supposed, from his information, that there was some kind of an order restraining the cutting of the timber. The court submitted this question to the jury upon the theory that it was incumbent upon the appellees to satisfy them by preponderance of the evidence that the appellant knew of the arrangement between the United States and appellee, Kelly, and knew or believed that the cutting of the timber had not been actually enjoined by legal process, and that, with knowledge of these facts, he consented and agreed that his right to cut said timber would not be insisted upon by him.

This was evidently a correct theory had it been supported by any evidence in the case. The trouble with the case is that a certain set of facts is pleaded and there is no evidence whatever in the record to support that theory. Had the appellees pleaded that the appellant acquiesced in their request to refrain from cutting

the timber, as contained in their letter of December 26, 1907, there is ample evidence in the record to support such acquiescence. They pleaded, however, an entirely different set of facts, viz:—that the appellant was informed of the agreement between the United States Attorney and the appellees, of which there is absolutely no evidence in the record.

It is impossible for this court to amend the pleadings for the reason that at every step throughout the trial, counsel for appellant objected to any departure from the allegations of the answer.

For the reasons stated, the judgment of the court below will be reversed and the cause remanded with instructions to award a new trial, and it is so ordered.

SYLLABUS (BY THE COURT)

