**Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor**

v.

**FLOWERS MARINE, INC.**

**Civ. A. No. 81–1654.**

United States District Court,
E. D. Louisiana.

Aug. 17, 1982.

**992**

Richard L. Collier, U. S. Dept. of Labor, Dallas, Tex., for plaintiff.

Walter W. Christy, Kullman, Lang, Inman & Bee, New Orleans, La., for defendant.

## REASONS FOR JUDGMENT

DUPLANTIER, District Judge.

This case was tried before the court without a jury on the issue of liability only and was taken under advisement.

Plaintiff Raymond Donovan, Secretary of Labor, brought suit against defendant Flowers Marine, Inc. to enjoin defendant from violating sections 215(a)(2) and 215(a)(5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. Sec. 201 *et seq.*, hereinafter the Act), and to restrain defendant from withholding payment of overtime compensation which plaintiff claims is due to certain of defendant's employees and former employees.

Defendant operates a barge fleeting business in the Mississippi River near New Orleans. Defendant operates several tug-boats "around-the-clock." These tugs move barges into and out of the fleet mooring area. The tugs also make up barge tows and move these tows to and from various Mississippi River ports. The alleged wage violations all relate to a single class of employees: dispatchers who work seven consecutive twelve hour shifts, after which they have seven consecutive days off. Some dispatchers work only at night (6 P.M. to 6 A.M.); others work the day shift (6 A.M. to 6 P.M.). Plaintiff contends that both groups are covered by the Act.

Plaintiff further alleges that defendant failed to maintain accurate records of the hours worked by the dispatchers, in violation of 29 U.S.C. sections 207(c) and 215(a)(5).

It is undisputed that defendant is an employer covered by the provisions of the Act. However, defendant asserts that there have been no violations of the Act, because the dispatchers are exempt from the overtime compensation provisions by section 213, which provides in pertinent part:

(a) The provisions of sections 206 and 207 of this title shall not apply with respect to—

(1) any employee employed in a bona fide executive, administrative, or professional capacity, or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act, . . .

Two alternative tests are used to determine whether the employees qualify as administrative employees. 29 CFR § 541.2. The first test is applicable generally to employees that an employer is attempting to classify as administrative and lists a number of requirements which must be satisfied. The second or "streamline" test is applicable only to employees who earn more than $250.00 per week. Under the "streamline" test it must be proven that an employee's primary duty is "[t]he performance of office or nonmanual work directly related to the management policies or general business operations of his employer or his employer's customers" and that the work requires "the exercise of discretion and independent judgment." The "streamline" test is applicable to all but two of the dispatchers.[1]

The pertinent portion of 29 CFR 541.2 is as follows:

The term "employee employed in a bona fide * * * (sic) administrative * * * (sic) capacity" in section 13(a)(1) of the act shall mean any employee:

(a) Whose primary duty consists of . . .

(1) The performance of office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers, . . .

(b) Who customarily and regularly exercises discretion and independent judgment; and . . .

(2) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, . . . and

(d) Who does not devote more than 20 percent . . . of his hours worked in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (c) of this section;

We conclude that both the day shift and the night shift dispatchers qualify as administrative employees and are therefore exempt from section 207 of the Act.[2] There are some differences between the activities of the day dispatchers and the night dispatchers; however, those differences are a function primarily of the inherent difference between day and night shift work. The day time operations of defendant's customers are more diverse and broader than those at night. Therefore, since dispatchers serve the customers' needs, the day dispatchers' activities are more diverse than those of the night dispatchers.

Dispatchers are responsible for maintaining and operating the barge fleet. This includes coordinating boat and barge movements, maintaining communications with vessels, scheduling refueling of the fleet tugs, soliciting and taking orders from customers for barges, planning the make-up of tows, arranging mid-stream transfers, and negotiating prices for and selling extra space in tows to other fleets. The dispatchers also have the authority to supervise the fleet "mates" in certain aspects of their work and to recommend that disciplinary action be taken against them. Dispatchers are also responsible for acting as the defendant's representative during periodic Coast Guard inspections. When accidents or unusual situations occur, the dispatchers are responsible for initiating appropriate action. All of these duties are performed on a regular basis and are directly related and essential to the general business operations of the defendant. The dispatchers must exercise their independent judgment and discretion in executing these duties, because they are the people responsible for evaluating job profitability and determining which barges to send on particular jobs and the time sequence of barge movements.

The duties of a dispatcher are specialized. Hence newly-hired dispatchers who have no

---

1. All dispatchers with the exception of Louise Van dessel and Paul R. Smith were paid in excess of $250.00 per week.

2. In analyzing whether the dispatchers were administrative employees the "streamline" test was not used since it was inapplicable to two dispatchers. It should be noted however that those dispatchers to whom the "streamline" test is applicable clearly satisfy its requirements.

prior experience are required to participate in a training program. Dispatchers are supervised only generally. In fact, in the case of the night dispatchers there is no supervisor on the premises.

The final requirement under § 541.2 is that not more than 20% of the hours worked by the employee in the work week be expended on activities not directly related to the management policies or the general business operations of his employer or his employer's customers. The dispatchers' only duties which might fall within that requirement involve the maintaining of various logs and records. The time spent maintaining the logs varies depending on the amount of activity in the fleet on any day. However we conclude that the dispatchers spend less than 20% of their time engaged in record keeping and similar activities. Moreover, the nature of the record keeping work of dispatchers is directly related to their own administrative duties and itself involves the exercise of discretion. To state it differently, the clerical work is itself administrative in nature.

There are few reported cases called to our attention or discovered by us which closely relate factually to this one. Those which involve similar types of employment conclude that the positions are exempt from overtime. See, for example: *Harrison v. Preston Trucking Company*, 201 F.Supp. 654 (D.Md.1962), *McComb v. New York & New Brunswick Auto Express Company*, 95 F.Supp. 636 (D.N.J.1950).

Because we conclude that the dispatchers are exempt from the overtime compensation provisions of the Act it is not necessary to address defendant's alleged failure to maintain adequate records of the hours worked by the dispatchers.

Accordingly, judgment will be entered in favor of defendant Flowers Marine, Inc. dismissing plaintiff's complaint.