697 P.2d 489

**Kathy VALENTINE, Plaintiff-Appellant,**

**v.**

**The BANK OF ALBUQUERQUE, Defendant-Appellee.**

**No. 14838.**

Supreme Court of New Mexico.

April 4, 1985.

Donald D. Vigil, Albuquerque, for plaintiff-appellant.

John F. Nivala, Laurie A. Vogel, Cherpelis & Nivala, P.A., Albuquerque, for defendant-appellee.

**OPINION**

SOSA, Senior Justice.

Plaintiff Valentine appeals from an adverse judgment rendered in district court

on a suit to recover unpaid overtime compensation under (1) Section 207 of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. Section 207 (1976); (2) Minimum Wage Act, NMSA 1978, Sections 50–4–19 to 50–4–30 (Cum.Supp.1984); and (3) NMSA 1978, Section 50–5–1, regulating the maximum number of hours for female office employees. The defendant bank alleges that Valentine was employed in a bona fide administrative position within Section 213 of FLSA, and was therefore exempt under the overtime compensation provisions of the FLSA and the New Mexico Minimum Wage Act. *See* 29 U.S.C. § 213 (1976); NMSA 1978, § 50–4–21(C)(2) (Cum.Supp. 1984). We affirm the trial court.

Two issues are presented: first, whether the trial court used an improper standard to conclude Valentine was an administrative employee within the meaning of the FLSA; and secondly, whether the trial court had substantial evidence for its conclusion that Valentine was an administrative employee.

The trial court found that Valentine was hired by the Bank of Albuquerque (Bank) to fill the position of administrative assistant. Valentine's duties included, *inter alia,* working with accounts payable, preparing certain reports and the payroll, supervising personnel activities, and performing various clerical functions relating to the duties above. She reported directly to her immediate supervisor, a bank officer holding the executive position of vice president and cashier. She was expected to exercise independent judgment and discretion, and relieve the vice-president and cashier of certain daily responsibilities. Additionally, it was found that only twenty percent of her working hours were devoted to non-administrative duties. She was terminated upon failing to perform the required duties adequately and because of excessive absenteeism.

**Administrative Employee**

An "administrative employee" is not defined in the FLSA or the New Mexico Minimum Wage Act. However, the FLSA exempts from its overtime provisions, "any employee employed in a bonafide executive, administrative or professional capacity * * as such terms are defined and delimited * * *by regulations* of the Secretary * * *." 29 U.S.C. § 213(a)(1) (1976) (emphasis added); *see also* NMSA 1978, § 50–4–21(C)(2) (Cum.Supp.1984). Administrative regulations are entitled to controlling weight in construing the provisions of the FLSA. *Mayhue's Super Liquor Stores, Inc. v. Hodgson,* 464 F.2d 1196 (5th Cir.1972) *cert. denied,* 409 U.S. 1108, 93 S.Ct. 908, 34 L.Ed.2d 688 (1973). The term "administrative employee" is defined in the Federal Regulations at 29 C.F.R. Section 541.2, and other jurisdictions have used this section to define an "administrative employee" under the FLSA. *See Lyles v. K-Mart Corp.,* 519 F.Supp. 756 (M.D.Fla.1981); *Donovan v. Flowers Marine, Inc.,* 545 F.Supp. 991 (E.D.La.1982). *See also* 29 C.F.R. § 541.-201(a)(1) (1984).

Valentine, in maintaining she is due overtime compensation under Section 207 of the FLSA, asserts that her position is not "administrative" and therefore, the administrative exemption in Section 213 does not apply. 29 U.S.C. §§ 207, 213 (1983). Valentine argues that whether a position is exempt should depend on the actual duties performed by the employee, and not the job description, the standard she claims the trial court used.

The relevant regulation defining an administrative employee uses as its criteria the duties performed. 29 C.F.R. § 541.2 (1984). The regulation provides, in pertinent part, that an *administrative employee* is one:

(a) Whose primary duty consists of * * *

(1) The performance of office or nonmanual work directly related to management policies or general business operations of his employer or his employer's customers,

\* \* \* \* \* \*

(b) Who customarily and regularly exercises discretion and independent judgment; and

(c)(1) Who regularly and directly assists a proprietor, or an employee employed in a bona fide executive or administrative capacity * * * or,

(2) Who performs under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge, * * *

(d) Who does not devote more than 20 percent * * * of his hours worked in the workweek to activities which are not directly and closely related to the performance of the work described in paragraphs (a) through (c) of this section * * *.

29 C.F.R. § 541.2 (1984).

Two elements are required to be present before an employee can be classified as "administrative" under 29 C.F.R. Section 541.2: first, that the employee's job relate directly to administrative functions as described in 29 C.F.R. Section 541.-2(a)(1); and secondly, that the employee regularly performs administrative functions as provided under 29 C.F.R. 541.2(a), (b), (d). *See Lyles; Donovan.*

The trial court determined that the first element, a job relating directly to administrative functions, was present by finding that Valentine assisted and reported directly to the vice president and cashier, her duties directly related to management policies, and she was expected to relieve the vice president and cashier of certain daily responsibilities. The second requirement, performance of administrative functions, was met by the court's finding that merely twenty percent of Valentine's working time was non-administrative, thus, the majority of her time was spent fulfilling the administrative duties. *See* 29 C.F.R. § 541.2(d) (1984).

The trial court, finding that both requirements of 29 C.F.R. Section 541.2 were met, properly concluded that Valentine was an administrative employee within the meaning of the FSLA, and therefore, not entitled to overtime compensation. *See Lyles; Donovan.*

Furthermore, 29 C.F.R. Section 541.2 has been amended by adding a new section entitled, EMPLOYEE EMPLOYED IN A BONA FIDE ADMINISTRATIVE CAPACITY. The new section defines an emerging classification by providing:

(a) Three types of employees are described in § 541.2(c) who, if they meet the other tests in § 541.2, qualify for exemption as "administrative" employees.

(1) *Executive and administrative assistants.* The first type is the assistant to a proprietor or to an executive or administrative employee. In modern industrial practice there has been a steady and increasing use of persons who assist an executive in the performance of his duties without themselves having executive authority. Typical titles of persons in this group are executive assistant to the president, confidential assistant, executive secretary, assistant to the general manager, *administrative assistant* and, in retail or service establishments, assistant manager and assistant buyer. Generally speaking, such assistants are found in large establishments where the official assisted has duties of such scope and which require so much attention that the work of personal scrutiny, correspondence, and interviews must be delegated.

29 C.F.R. § 541.201(a)(1) (1984) (emphasis added); *see also* 29 C.F.R. § 541.207(d)(2) (1984).

Valentine falls squarely within the modern industrial practice of using "administrative assistants" to "assist an executive in the performance of his duties without themselves having executive authority." 29 C.F.R. § 541.201(a)(1) (1984).

**Substantial Evidence**

An examination of the record, as demonstrated by the facts set forth in this opinion, indicates there is substantial evidence to support the findings of the trial court under the standard determined in *Toltec International, Inc. v. Village of Ruidoso*, 95 N.M. 82, 619 P.2d 186 (1980).

For the reasons set forth, the trial court is affirmed.

FEDERICI, C.J., and RIORDAN, J., concur.