**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: 2017-NMCA-012

Filing Date: October 17, 2016

Docket No. 34,180

MELISSA WILLIAMS,

       Plaintiff-Appellant,

v.

TYLER MANN and FOUR CORNERS
FAMILY DENTAL, LLC,

       Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
Sandra A. Price, District Judge

Law Office of Monnica L. Garcia, LLC
Monnica L. Garcia
Albuquerque, NM

for Appellant

Law Offices of Michael E. Mozes
Michael E. Mozes
Albuquerque, NM

for Appellees

**OPINION**

**HANISEE, Judge.**

**{1}**    Plaintiff appeals the district court's dismissal on statute of limitations grounds of her claim for quid pro quo discrimination on the basis of sex under the New Mexico Human Rights Act (NMHRA), NMSA 1978, §§ 28-1-1 to -14 (1969, as amended through 2007), and its subsequent judgment in Defendants' favor after a bench trial on her claim for unpaid overtime wages under the Minimum Wage Act (MWA), NMSA 1978, §§ 50-4-19 to -30 (1955, as amended through 2013). We reverse the district court's dismissal of Plaintiff's

1

NMHRA claim against Defendant Four Corners Family Dental, LLC, and affirm the district court's judgment in all other respects.

## BACKGROUND

**{2}** Plaintiff's statute of limitations argument turns on the convoluted procedural history of this case that includes a related complaint Plaintiff filed in federal district court. We have simplified our recitation of relevant procedural facts where possible and separate our recitation of background facts into two sections: (1) facts relevant to the district court's dismissal of Plaintiff's NMHRA claim on statute of limitations grounds; and (2) facts relevant to the district court's ruling in Defendants' favor after a bench trial on Plaintiff's MWA claims. We provide additional facts and procedural history where pertinent within our discussion of Plaintiff's issues on appeal.

**Facts Relevant to the District Court's Dismissal of Plaintiff's NMHRA Claim on Statute of Limitations Grounds**

**{3}** On May 27, 2011, Plaintiff filed a pro se complaint against Defendant Tyler Mann in state district court. Plaintiff's complaint sought damages for "destruction of personal property, . . . unlawful eviction, . . . reimbursement for start-up capital funds for business ventures[,] and punitive damages for severe emotional distress." On June 28, 2011, Plaintiff (this time represented by counsel) filed a complaint in federal district court against Defendant Four Corners Family Dental, LLC. The federal complaint alleged that Plaintiff was hired by Tyler Mann (Defendant here, but not in the federal case) to "open, manage[,] and operate his dental practices in Pagosa Springs, Colorado and Farmington, New Mexico." The federal complaint further alleged that Plaintiff was not paid wages she was due under the terms of her employment, was "consistently required to work in excess of forty (40) hours a week," and that her employment was terminated after she had refused Tyler Mann's sexual advances. The federal complaint sought damages for unlawful discriminatory and retaliatory practices in violation of the NMHRA, quid pro quo sexual harassment in violation of Title VII of the federal Civil Rights Act, 42 U.S.C. §§ 2000e-1 to -17 (2012), and unpaid regular and overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 (2012) and the MWA.

**{4}** On November 8, 2011, Plaintiff filed an opposed motion to dismiss her federal complaint without prejudice. *See* Fed. R. Civ. P. 41(a). Plaintiff additionally filed an unopposed motion to stay discovery pending the federal district court's resolution of her motion to dismiss on December 19, 2011. No longer proceeding pro se in state district court, on December 28, 2011, Plaintiff filed an opposed motion to amend her pro se state complaint in order to incorporate the factual averments in her federal complaint, and to bring claims against both Defendants for unlawful discriminatory practices under the NMHRA and for unpaid regular and overtime wages under the MWA. Before Defendants responded to Plaintiff's motion to amend, on January 27, 2012, the state district court granted Plaintiff leave to amend her complaint. As amended, Plaintiff's state law action included the claims

she previously asserted federally and added Four Corners Family Dental, LLC, as a Defendant.

**{5}** The federal district court denied Plaintiff's motion to stay, and discovery and discovery-related motions practice in federal court ensued without a ruling on Plaintiff's request that her federal complaint be dismissed. Defendants filed a motion for summary judgment on Plaintiff's federal and supplemental state law claims. But on April 20, 2012, before Plaintiff filed a response to Defendants' motion for summary judgment, the federal district court entered an order granting Plaintiff's opposed motion to dismiss and dismissed all of the claims in Plaintiff's federal action without prejudice.

**{6}** Back in state district court, Defendants filed a pretrial motion in limine to exclude all evidence relevant to Plaintiff's NMHRA claims at trial, arguing that those claims were untimely because her motion to amend her state complaint was filed after the applicable statute of limitations had expired. The district court treated Defendants' motion in limine as a motion to dismiss and granted it, dismissing Plaintiff's unlawful discriminatory practice claims with prejudice.

**Facts Relevant to Plaintiff's MWA Claims**

**{7}** The district court held a bench trial on the two remaining claims in Plaintiff's amended complaint: (1) unpaid wages under Section 50-4-22(A), and (2) unpaid overtime under Section 50-4-22(D). *See* § 50-4-26(C), (D) (providing that "an employer who violates any provision of Section 50-4-22 . . . shall be liable to the employees affected in the amount of their unpaid or underpaid minimum wages plus interest, and in an additional amount equal to twice the unpaid or underpaid wages[,]" and providing that "[a]n action to recover such liability may be maintained in any court of competent jurisdiction"). During trial, Plaintiff testified that Defendant Mann agreed to pay Plaintiff $25 per hour when her employment began but never discussed what Plaintiff's job responsibilities would entail. Instead, Plaintiff testified that she performed whatever duties Defendant Mann assigned to her. Those included purchasing dental equipment at Defendant Mann's direction, arranging for the placement of paid advertisements in the telephone book, setting up LLC and phone service at Defendant Mann's Pagosa Springs office, and even calling Defendant Mann's alma mater to obtain a copy of Defendant Mann's diploma.

**{8}** As the dental practice grew, Plaintiff's job responsibilities shifted. Plaintiff worked as a receptionist when other employees went out to lunch, processed insurance claims at Defendants' Pagosa Springs office, and also addressed problems with insurance claims made through Defendants' Farmington office. Plaintiff executed contracts with various insurance companies at Defendant Mann's direction and researched dental office management software and assisted Defendant Mann during negotiations over software license agreements.

**{9}** On cross examination, Plaintiff admitted that she understood herself to be an "independent contractor" when she first began her employment relationship with Defendants; that she performed "administrative" duties around the office; that she held

3

herself out on résumés and business cards as an "office manager" who had "open[ed], operate[d], and manage[d]" Defendants' dental practices; that she was paid a flat salary of $600 per week; and that her daily responsibilities involved managing patient accounts, developing business plans, handling payroll for office employees, acting as a signatory on Defendants' financial accounts, arranging for the payment of bills and invoices to suppliers, and maintaining employee personnel files.

{10}     After taking evidence and hearing arguments from the parties, the district court found that Defendants were liable to Plaintiff for $625 in unpaid wages. The district court doubled Defendants' liability to Plaintiff for these wages, added interest under Section 50-4-26(C), and ordered that Defendants pay Plaintiff's attorney fees under Section 50-4-26(E). The district court granted Defendants' motion for judgment as a matter of law under Rule 1-050 NMRA on Plaintiff's claim for unpaid overtime under Section 50-4-22(D), reasoning that Plaintiff was an administrative employee and therefore exempt from overtime pay requirements. *See* § 50-4-21(C)(2) ("As used in the [MWA,] . . . 'employee' includes an individual employed by an employer, but shall not include . . . an individual employed in a bona fide executive, administrative or professional capacity.").

**DISCUSSION**

{11}     Plaintiff appeals the district court's dismissal of her unlawful discriminatory practice claims on statute of limitations grounds as well as the district court's decision (sitting as finder of fact at a bench trial) resolving Plaintiff's MWA claim against Defendants for unpaid overtime wages against her. We address each issue in turn.

**The Statute of Limitations on Plaintiff's NMHRA Claim Against Defendant Four Corners Family Dental, LLC, but Not Against Defendant Mann, Was Tolled Throughout the Pendency of Her Federal Action**

{12}     Before a lawsuit seeking damages for an unlawful discriminatory practice may be filed, the putative plaintiff must exhaust a detailed grievance and administrative reconciliation process set out in the NMHRA and administered by the Human Rights Commission. *See* § 28-1-10(A), (B); *see also Luboyeski v. Hill*, 1994-NMSC-032, ¶ 7, 117 N.M. 380, 872 P.2d 353. A suit alleging an unlawful discriminatory practice under the NMHRA must be commenced within 90 days of the termination of this process. Section 28-1-13(A). In this case, Plaintiff filed a pro se complaint in state district court against Defendant Mann, less than 90 days after she received a no probable cause notice from the Commission, but her complaint did not include any claims under the NMHRA. Also within 90 days, she filed a federal district court complaint in which she pleaded a NMHRA claim and a federal Title VII claim against Defendant Four Corners Family Dental, LLC.

{13}     Title VII of the United States Code also prohibits discrimination on the basis of sex, *see* 42 U.S.C. § 2000e-2(a)(2), and gives federal district courts jurisdiction over such causes of action. 42 U.S.C. § 2000e-5(f)(3). Often enough (as in this case) a plaintiff will bundle

his or her claims under federal law with state NMHRA claims, and a federal district court may exercise supplemental jurisdiction over both. *See* 28 U.S.C. § 1367(a) (2012) (providing that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"). So what happens if—sometimes by a plaintiff's own doing, as happened here—the invocation of federal jurisdiction is successfully withdrawn, the case ends up solely in state district court, and the defendants raise a statute of limitations argument? Which claims are timely, and against whom? To paraphrase the Bard, the course of litigation in such cases "never [does] run smooth[.]" William Shakespeare, *A Midsummer Night's Dream*, act 1, sc. 1.

**{14}**     In this instance, it turns out answers are surprisingly straightforward. The federal district court had jurisdiction over Plaintiff's NMHRA claim under 28 U.S.C. § 1367(a). And under 28 U.S.C. § 1367(d), the statute of limitations for any applicable state law claim over which a federal district court exerts supplemental jurisdiction under 28 U.S.C. § 1367(a) is "tolled while the claim is pending and for a period of 30 days after it is dismissed unless [s]tate law provides for a longer tolling period."[1] Because Plaintiff brought her timely NMHRA claim against Defendant Four Corners Family Dental, LLC in federal court, the statute of limitations on that claim was tolled under 28 U.S.C. § 1367(d) through the pendency of her federal action and for 30 days after the federal district court dismissed it pursuant to Rule 41 of the Federal Rules of Civil Procedure. Because the district court granted Plaintiff's motion to amend her complaint to bring a NMHRA claim against Four Corners Family Dental, LLC prior to the dismissal of her federal action, her NMHRA claim against this Defendant was timely. Accordingly, the district court should not have dismissed it.

**{15}**     Defendants argue that 28 U.S.C. § 1367(d) operates only to toll supplemental state law claims that are filed in state district court after federal law claims are dismissed, and does not toll the statute of limitations for any claims filed in state district court prior to their dismissal by the federal district court. That, however, would be to say that 28 U.S.C. § 1367(a) gives federal district courts *exclusive* jurisdiction over related state law claims, a contention that is unsupported by the text of the statute itself, or New Mexico courts' traditional understanding of tolling statutes, which "operate[] to *suspend* the running of an otherwise applicable statute of limitations when an action is timely commenced and later dismissed[.]" *Gathman-Matotan Architects & Planners, Inc. v. State Dep't of Fin. & Admin.*, 1990-NMSC-013, ¶ 8, 109 N.M. 492, 787 P.2d 411 (emphasis added). If Plaintiff's federal complaint tolled the NMHRA's statute of limitations throughout the pendency of her federal case until the date of its dismissal, it stands to reason that her amended complaint, filed before the federal district court dismissed that claim, was timely filed.

---

[1]Because the parties neglected to cite 28 U.S.C. 1367(d) in their briefing, this Court ordered supplemental briefing as to the provision's applicability here.

5

**{16}** Finally, given that we raised the possibility that 28 U.S.C. § 1367(d) may control the outcome of this issue ourselves, Defendant's strongest argument against reversal of the district court's order is that Plaintiff's failure to expressly cite 28 U.S.C. § 1367(d) at all before the district court meant that she failed to preserve any argument for reversal based on that statute. But Rule 12-216(A) NMRA simply requires that a party "invoke[] a ruling of the trial court on the same grounds argued in the appellate court." *Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717. The purpose of the preservation rule is to enable "the trial court . . . an opportunity to correct the mistake" and to give the opposing party "a fair opportunity to meet the objection." *Gracia v. Bittner*, 1995-NMCA-064, ¶ 18, 120 N.M. 191, 900 P.2d 351. Given the circumstances of this case, we think Plaintiff's argument that her NMHRA claim was tolled by the federal court's assertion of jurisdiction over it under 28 U.S.C. § 1367(a) was sufficient to preserve the issue and to alert the district court to the question we have answered above. Also, Defendants had an opportunity on appeal to address the more specific subsection of the same statute Plaintiff cited when we ordered the parties to submit supplemental briefs. Plaintiff's failure to specifically cite 28 U.S.C. § 1367(d) in her briefing below and in her brief in chief on appeal is certainly unfortunate, but it does not mandate deploying our rules governing preservation in an "unduly technical manner to avoid reaching issues that would otherwise result in reversal." *Gracia*, 1995-NMCA-064, ¶ 18. Indeed, Defendants can be said to share much of the blame for the district court's apparent ignorance of 28 U.S.C. § 1367(d), since their statute of limitations argument was first raised on the eve of trial in a motion in limine—not even a motion for summary judgment or to dismiss—that makes no mention of 28 U.S.C. § 1367(d), which plainly was enacted to apply to circumstances exactly such as this. In other words, Defendants, like Plaintiff, had an obligation to alert the district court to its existence. *See* Rule 16-303(A)(2) NMRA ("A lawyer shall . . . disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel[.]"). Here, Plaintiff pointed to the body of federal law governing federal district courts' ability to assert jurisdiction over claims brought under state law; under these circumstances, we decline to hold that Plaintiff forfeited any argument for reversal based on a specific provision contained within the same applicable statute. Accordingly, we reverse the district court's dismissal of Plaintiff's NMHRA claim against Defendant Four Corners Family Dental, LLC, the only defendant against whom the NMHRA claim was pleaded in federal court.

**{17}** Turning to Plaintiff's NMHRA claim against Defendant Mann, we must reach a contrary conclusion. While 28 U.S.C. § 1367(d) warrants reversal of the district court's dismissal of Plaintiff's NMHRA claim against Defendant Four Corners Family Dental, LLC, it is also sufficient to affirm the district court's dismissal of Plaintiff's NMHRA claim against Defendant Mann. Because Defendant Mann was not named as a defendant in Plaintiff's federal action,[2] the federal district court did not exert supplemental jurisdiction

---

[2]Our review of Plaintiff's federal complaint and the docket sheet of the short-lived federal case indicate that Plaintiff sought only to hold Defendant Four Corners Family

over that claim under 28 U.S.C. § 1367(a). It follows that the statute of limitations on that claim as to Defendant Mann was not tolled under 28 U.S.C. § 1367(d). Having brought no NMHRA claim against Defendant Mann in state or federal district court, Plaintiff's claim against Defendant Mann was not timely under the NMHRA, and the district court correctly dismissed it.

**{18}** Plaintiff makes several arguments that her NMHRA claim against Defendant Mann was timely despite her failure to name him as a defendant in her federal court complaint. None of these arguments persuades us. First, noting that Rule 1-008(A)(2) NMRA only requires "a short and plain statement of the claim showing that the pleader is entitled to relief" and the liberal interpretive treatment we give pro se pleadings, Plaintiff argues that her pro se complaint against Defendant Mann was itself sufficient to state a claim for an unlawful discriminatory practice under Section 28-1-7(A), thereby rendering her NMHRA claim against Defendant Mann timely. But "[pro se] pleadings, however inar[t]fully expressed, must tell a story from which, looking to substance rather than form, the essential elements prerequisite to the granting of the relief sought can be found or reasonably inferred." *Birdo v. Rodriguez*, 1972-NMSC-062, ¶ 6, 84 N.M. 207, 501 P.2d 195. Plaintiff's complaint references "damages [for] destruction of personal property, . . . monies due for unlawful eviction[,] . . . reimbursement for start-up capital funds for business ventures[,] punitive damages for severe emotional distress[,]" and breach of contract. Plaintiff argues that her conclusory request for punitive damages "for severe emotional distress" in the complaint was sufficient to assert the necessary claim. But while her request for punitive damages bespeaks a unique form of relief designed to punish a tortfeasor, it does not by itself indicate *why* Defendant Mann should be punished. In sum, no matter how charitably we read Plaintiff's initial pro se complaint, its factual allegations simply cannot support an inference that Defendant Mann had engaged in an unlawful discriminatory practice: "refus[ing] to hire, to discharge, to promote or demote or to discriminate in matters of compensation, terms, conditions or privileges of employment against any person otherwise qualified because of race, age, religion, color, national origin, ancestry, sex, physical or mental handicap or serious medical condition[.]" Section 28-1-7(A).[3]

---

Dental, LLC accountable for Defendant Mann's asserted NMHRA violations under the doctrine of respondeat superior, despite the availability of individual liability under the NMHRA had Plaintiff chosen to proceed directly against Defendant Mann. *See Lessard v. Coronado Paint & Decorating Ctr., Inc.*, 2007-NMCA-122, ¶ 11, 142 N.M. 583, 168 P.3d 155 (stating that the doctrine of respondeat superior is a theory of vicarious liability).

[3]Plaintiff also argues that Defendants' reference to her prior accusation of discrimination in their pro se answer to her pro se complaint means that Defendants were on notice of her claim for a discriminatory practice. But Plaintiff cites no authority in support of her implicit argument that an answer to a complaint can toll the statute of limitations on a claim that is not asserted in the complaint. *See In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("Issues raised in appellate briefs which are unsupported

**{19}** Plaintiff next points out that the complaint references a letter sent by her attorney to Defendants' attorney and asserts that this letter contained an explanation of Plaintiff's claim for an unlawful discriminatory practice. But the letter was not attached to the complaint, and it is not part of the record on appeal. "Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered." *Reeves v. Wimberly*, 1988-NMCA-038, ¶ 21, 107 N.M. 231, 755 P.2d 75. Accordingly, even if we agreed with Plaintiff's argument that a claim for relief set out in a letter to Defendant's attorney that is referenced but not attached to a pro se complaint is sufficient to state a claim for relief under Rule 1-008, we must presume that the letter did not satisfy this rule, given Plaintiff's failure to include the letter in the record on appeal.

**{20}** Plaintiff additionally argues that her amended complaint relates back to her pro se complaint under Rule 1-015(C) NMRA and is therefore timely. *See id.* ("Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."). But we have already concluded that Plaintiff's pro se complaint sets forth no allegations of fact that give rise to a claim for an unlawful discriminatory practice under Section 28-1-7(A). Thus, the amended complaint does not relate back under Rule 1-015(C). *See DeVargas v. State ex rel. N.M. Dep't of Corr.*, 1981-NMCA-109, ¶ 4, 97 N.M. 447, 640 P.2d 1327; *Raven v. Marsh*, 1980-NMCA-017, ¶ 7, 94 N.M. 116, 607 P.2d 654 ("The liberality with which Rule [1-015] is to be viewed applies mainly to the manner in which the court's discretion shall be exercised in permitting amended pleadings. It does not permit us to so liberalize limitation statutes when new facts, conduct and injuries are pleaded, that the limitation statutes lose their meaning." (citation omitted)).

**{21}** Plaintiff finally argues that under the procedural circumstances in this case, Section 28-1-13(A)'s 90-day statute of limitations should be equitably tolled for her untimely claim against Defendant Mann for an unlawful discriminatory practice. The general rule for determining whether a statute of limitations should be equitably tolled is whether "a litigant was prevented from filing suit because of an extraordinary event beyond his or her control." *Slusser v. Vantage Builders, Inc.*, 2013-NMCA-073, ¶ 13, 306 P.3d 524 (internal quotation marks and citation omitted). Here, Plaintiff contends that "Defendants litigated this case for three years, with absolutely no indication until a week before trial that they would proffer a [statute of limitations defense]." Defendants' conduct, Plaintiff urges, is an extraordinary event, beyond her control, which prevented her from timely filing her NMHRA claim against Defendant Mann. Initially, we note that Defendant's conduct, even if we assume it was sufficiently egregious, did not prevent Plaintiff from timely filing an NMHRA claim against Defendant Four Corners Family Dental, LLC in federal district court. Even ignoring this seemingly fatal fact, Plaintiff provides no chronologic explanation for how Defendants'

---

by cited authority will not be reviewed by us on appeal.).

conduct post-filing somehow prevented her from timely filing her NMHRA claim against Defendant Mann. In short, this argument is simply too confused, too riddled with internal contradictions, for us to give it any further consideration. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (observing that we do not review unclear or undeveloped arguments that require us to guess at what parties' arguments might be).

**{22}** Similarly, we reject Plaintiff's argument that Defendant Mann should have been estopped from raising a statute of limitations defense. As Plaintiff concedes, a defendant's actions must have some causal relationship with the plaintiff's failure to timely file a claim in order for equitable estoppel to apply. *Slusser*, 2013-NMCA-073, ¶ 7. Here, Plaintiff argues that Defendant Mann's failure to launch a statute of limitations defense earlier means that the doctrine of equitable estoppel applies. But again, Plaintiff does not explain why Defendants' post-complaint acts have any relationship with Plaintiff's failure to timely file her NMHRA claim against Defendant Mann prior to any of the complained-of conduct taking place.[4]

**{23}** In sum, we hold that 28 U.S.C. § 1367(d) tolled the statute of limitations on Plaintiff's NMHRA claim against Defendant Four Corners Family Dental, LLC. But we affirm the district court's dismissal of her NMHRA claim against Defendant Mann because he was not named in Plaintiff's federal complaint and because Plaintiff's state complaint bore no direct or indirect relation whatsoever to the NMHRA claim she now wishes to assert against Defendant Mann.

**The District Court's Finding That Plaintiff Was an Exempt Administrative Employee Was Supported by Substantial Evidence; Accordingly, the Court Did Not Err in Concluding That Defendants Were Not Liable to Plaintiff for Overtime Pay Under the MWA**

**{24}** Plaintiff's next issue on appeal challenges the district court's decision in Defendants' favor on her MWA claim after a bench trial. But before we can address the merits of this issue, we must iron out a wrinkle in our standard of review. The wrinkle comes from the confusing procedure the district court employed in deciding Plaintiff's overtime wage claim. Before the bench trial, Defendants had filed a motion for summary judgment on Plaintiff's MWA overtime claim, which the district court denied. But at the close of Plaintiff's evidence at the bench trial, the district court granted Defendant's motion for judgment as a matter of law under Rule 1-050. But Rule 1-050 is by its own terms restricted to circumstances where

---

[4]Plaintiff also raises a constitutional challenge to the notice she was provided by the Human Rights Commission. But this argument was not raised in any way before the district court and is thus forfeited as a basis for reversal on appeal. *See Woolwine*, 1987-NMCA-133, ¶ 20 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court.").

a "party has been fully heard on an issue during a *jury trial* and the court finds that a reasonable *jury* would not have a legally sufficient evidentiary basis to find for the party on that issue[.]" Rule 1-050(A)(1) (emphasis added). As the text of the rule makes clear, a directed verdict is only to be used in a jury trial, and it employs a standard very similar to the standard for evaluating motions for summary judgment under Rule 1-056 NMRA. *Compare* Rule 1-050(A)(1), *with* Rule 1-056(C) ("[Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). The district court did not explain or otherwise attempt to reconcile its conclusion that there was sufficient evidence supporting Plaintiff's claims for unpaid and overtime wages to require a trial but insufficient evidence at the end of that trial, and our own review of the record leaves us similarly unable to reconcile the district court's conflicting rulings.

**{25}**     The district court's erroneous use of Rule 1-050 to decide Plaintiff's overtime wage claim is problematic because we ordinarily review de novo the district court's decision to grant a motion for judgment as a matter of law under Rule 1-050, resolving all conflicts in the evidence in the nonmoving party's favor. *See McNeill v. Rice Eng'g & Operating, Inc.*, 2003-NMCA-078, ¶ 31, 133 N.M. 804, 70 P.3d 794. But when a district court holds a bench trial, we ordinarily give deference to the district court's findings of fact to the extent they are supported by substantial evidence. *Skeen v. Boyles*, 2009-NMCA-080, ¶ 17, 146 N.M. 627, 213 P.3d 531. Plaintiff suggests that we should simply reverse the district court and remand this case for a new trial based on its use of an incorrect legal standard. Although we believe that the confusing procedure employed by the district court in this case makes our review more difficult, we disagree with Plaintiff that a new trial is required as a result. Regardless of whether the district court's decision on appeal is framed as a grant of a motion for judgment as a matter of law under Rule 1-050 or as a conclusion of law based on findings of fact, the standard of review we must apply is either de novo (to the legal standard the district court employed, whether the standard is Rule 1-050 or the district court's interpretation of the MWA) or a question of fact, which we review deferentially for substantial basis in the record. In these circumstances, we do not think the district court's erroneous characterization of its ruling requires automatic reversal.

**{26}**     Our conclusion is supported by the interlocutory nature of the district court's decision to grant Defendants' motion for judgment as a matter of law on Plaintiff's unpaid overtime wage claim. At the close of Defendants' case, Plaintiff pointed out to the district court that it had applied an incorrect legal standard given the conflicting evidence presented at trial. The district court agreed that it had erroneously concluded that Defendants were entitled to judgment as a matter of law on Plaintiff's overtime wage claim, but stated that its conclusion would be no different if it were couched as a finding of fact and conclusion of law. Given the course of proceedings and the district court's corrective statement at the end of the bench trial, we conclude that reversal on procedural grounds is not warranted.

**{27}**     We now turn to the merits of Plaintiff's overtime wage claim. We divide our analysis

10

of this issue into two parts: (1) the appropriate definition of "bona fide executive, administrative or professional" under the MWA; and (2) whether the district court's conclusion that Plaintiff was a bona fide executive, administrative or professional employee (and therefore exempt from the MWA's overtime requirement) was supported by substantial evidence.

**We Accept the Parties' Stipulation That Department of Labor Regulations Provide the Applicable Definition of Exempt Administrative Employees Under the MWA**

**{28}**     The MWA provides that "[a]n employee shall not be required to work more than forty hours in any week of seven days, unless the employee is paid one and one-half times the employee's regular hourly rate of pay for all hours worked in excess of forty hours." Section 50-4-22(D). However, the MWA excludes from its definition of "employee" any person who is employed in a "bona fide executive, administrative or professional capacity." *See* § 50-4-21(C)(2).

**{29}**     The Fair Labor Standards Act (FLSA) contains a similar exemption. *See* 29 U.S.C. § 213(a)(1) (exempting "any employee employed in a bona fide executive, administrative, or professional capacity" from maximum hour requirement). Unlike the MWA, the FLSA includes a provision that delegates to the Federal Department of Labor the authority to define the limits of these terms. *See id.*; *Perez v. Mortg. Bankers Ass'n*, ___ U.S. ___, ___, 135 S. Ct. 1199, 1204 (2015). The parties agree that we should adopt the Department of Labor's regulatory definition of exempt executive, administrative, or professional employees as providing the controlling interpretation of Section 50-4-21(C)(2). The district court adopted the Department of Labor regulations in its own discussion of whether or not Plaintiff was exempt from the MWA's overtime requirements.

**{30}**     Ordinarily, we would not be bound by parties' stipulations as to applicable law. *See Tsiosdia v. Rainaldi*, 1976-NMSC-011, ¶ 10, 89 N.M. 70, 547 P.2d 553 (noting that a court is not bound by stipulations as to the law). However, our Supreme Court in *Valentine v. Bank of Albuquerque*, 1985-NMSC-033, ¶¶ 1, 4, 102 N.M. 489, 697 P.2d 489, has cited Department of Labor regulations in evaluating whether an employee is qualified as an exempt administrative employee.[5] Given the parties' stipulation and *Valentine*'s use of Department of Labor Regulations to resolve a dispute over whether an employee qualifies as an exempt administrative employee, we accept the parties' stipulation that the Department of Labor's regulations defining the MWA's exemption for administrative, executive, and professional employees control our evaluation of Plaintiff's MWA claims.

---

[5]There are significant differences between the FLSA and the MWA with respect to delegations of administrative rulemaking authority. Unlike the FLSA, *see* 29 U.S.C. § 213(a)(1), the MWA does not delegate authority to define the scope of the administrative overtime exemption to any executive agency.

**{31}** In this case, the district court found that Plaintiff was an "administrative" employee, and Department of Labor regulations state that an employee is an exempt administrative employee when three requirements are met. First, the employee must be compensated "on a salary or fee basis at a rate of not less than $455 per week . . . exclusive of board, lodging or other facilities"; second, the employee's "primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; finally, the employee's "primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200(a)(1)-(3) (2016). With respect to the third requirement, the Department of Labor has stated that "[i]n general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.202(a) (2016). Notwithstanding the requirement that an employee exercise independent judgment and discretion with respect to possible courses of conduct, "[a]n employee may qualify for the administrative exemption if the employee's primary duty is the performance of work directly related to the management or general business operations of the employer's customers." 29 C.F.R. § 541.201(c) (2016).

**Applying the Department of Labor's Definition of Exempt Administrative Employees, We Conclude That the District Court's Determination That Plaintiff Qualified as an Exempt Administrative Employee Is Supported by Substantial Evidence**

**{32}** Since the district court found against Plaintiff on the merits of her overtime wage claim, we recite the facts in a light most favorable to the district court's conclusion. *Tartaglia v. Hodges*, 2000-NMCA-080, ¶ 27, 129 N.M. 497, 10 P.3d 176. We hold that the evidence at trial supported the district court's ultimate conclusion that Plaintiff was a bona fide executive, administrative, or professional employee exempt from the MWA's overtime requirement.

**{33}** The district court based its conclusion on the following findings of fact: (1) Plaintiff's $600 weekly salary was higher than the minimum wage for non-exempt employees under the MWA; (2) Plaintiff's primary duties were related to management or general office operations, and involved the exercise of discretion and independent judgment with respect to matters of significance, including signing contracts with vendors; (3) Plaintiff held herself out as an office manager; (4) Plaintiff dealt with employee discipline and payroll issues; (5) Plaintiff managed patient information, including bill collection, insurance collection and payments.

**{34}** Plaintiff contends that the evidence at trial "overwhelming[ly]" established that Plaintiff "basically performed clerical work, answered phones, loaded equipment, made phone calls, set appointments, and did routine data entry, [and] whatever tasks [Defendants] instructed [her to perform]." Plaintiff also argues that Plaintiff's job responsibilities did not involve the exercise of discretion with respect to matters of significance.

**{35}** In *Valentine*, the plaintiff's duties "included . . . working with accounts payable, preparing certain reports and the payroll, supervising personnel activities, and performing various clerical functions relating to the duties above. [The plaintiff] reported directly to her immediate supervisor, a bank officer holding the executive position of vice president and cashier." 1985-NMSC-033, ¶ 3. The trial court found, and our Supreme Court agreed, that these responsibilities made the plaintiff an exempt administrative employee under the MWA. *Id.* ¶¶ 8-11. Our Supreme Court specifically noted that the plaintiff "assisted and reported directly to the vice president and cashier, her duties directly related to management policies, and she was expected to relieve the vice president and cashier of certain daily responsibilities." *Id.* ¶ 8.

**{36}** Here, Plaintiff argues that because Defendants dictated what tasks Plaintiff was to perform, she did not exercise discretion or independent judgment as part of her job. But *Valentine* made clear that it is not the ultimate result of an employee's job responsibilities that dictates whether an employee is an exempt administrative employee under Section 50-4-21(C)(2); what informs the inquiry is the amount of independence and discretion the employee is afforded in the course of achieving a result. *Valentine*, 1985-NMSC-033, ¶¶ 8-11. Although Defendants exercised final authority over Plaintiff's decisions and assigned Plaintiff's job responsibilities such as executing leases, managing payroll and personnel issues, and supervising the procurement of office supplies and software systems, Plaintiff enjoyed broad discretion and independence in regard to how she fulfilled the responsibilities she was assigned. Like the plaintiff in *Valentine*, Plaintiff's job responsibilities can be broadly characterized as providing assistance to Defendants in the operation of their business. And again like the plaintiff in *Valentine*, the broad discretion and independence that Plaintiff enjoyed with respect to how she provided this assistance furnished a substantial evidentiary basis for the district court to conclude that Plaintiff was an exempt administrative employee under the MWA. Accordingly, we affirm the district court's judgment against Plaintiff on her claim for unpaid overtime under the MWA.

## CONCLUSION

**{37}** The judgment of the district court in Defendants' favor on Plaintiff's MWA claim is affirmed. The district court's dismissal of Plaintiff's NMHRA claim against Defendant Four Corners Family Dental, LLC, is reversed. Its dismissal of Plaintiff's NMHRA claim against Defendant Mann is affirmed.

**{38} IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**LINDA M. VANZI, Judge**

14